ORTIZ, PETICIONARIO Y APELADO, *v.* AGUAYO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en solicitud de *injunction*.

No. 1848.—Resuelto en noviembre 15, 1918.

INJUNCTION—DESAHUCIO—CASOS EN QUE NO PROCEDE EL INJUNCTION.—El recurso extraordinario de *injunction* no es el adecuado para suspender el procedimiento de desahucio so pretexto de estar pendiente una acción que afecta a la validez del título del demandante en el desahucio. Si tal recurso fuera el adecuado, el procedimiento de desahucio sería ilusorio ya que el lanzamiento podría esquivarse mediante la interposición de la acción ordinaria cuyo ejercicio permitiría retener la posesión al demandado en desahucio, por todo el tiempo que durara el pleito.

DAÑOS Y PERJUICIOS—DESAHUCIO—ANOTACIÓN DE LA DEMANDA EN EL REGISTRO DE LA PROPIEDAD.—El remedio para evitar los daños y perjuicios que pudieran causarse al demandado que no puede detener el procedimiento de desahucio, es el común que establece la ley mediante anotación de la demanda ordinaria en el registro de la propiedad.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. B. Pérez Mercado.*

Abogado del apelado: *Sr. R. Martínez Nadal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En juicio seguido ante la Corte Municipal de Ponce por Augusto Aguayo contra José Tomás Ortiz sobre desahucio de una finca urbana, dicha corte pronunció sentencia en 1º. de febrero de 1918 declarando con lugar la demanda y condenando al demandado a que dentro del improrrogable término de quince días dejara expedita la finca a la libre disposición de su dueño, con apercibimiento de lanzamiento si así no lo verificaba.

El demandado en el juicio de desahucio, José Tomás Ortiz, radicó demanda en la Corte de Distrito de Ponce para que se declarara la nulidad del contrato de compraventa que como título de propiedad había invocado el demandante Augusto Aguayo para el desahucio, y formuló pedimento para que previa prestación de fianza se expidiera al marshal de la

corte una orden de *injunction* contra el Aguayo con el fin de que se abstuviera por sí o por persona intermedia de realizar acto alguno tendente a la continuación del juicio de desahucio. Oídas las partes y practicadas las pruebas propuestas, la referida corte de distrito por orden de 5 de marzo de 1918 accedió al *injunction* preliminar solicitado bajo fianza de $400 que había de prestar el peticionario Ortiz para responder al Aguayo de los daños y perjuicios que pudiera sufrir por la suspensión del procedimiento de desahucio.

Esa orden ha sido apelada por el demandado en el presente juicio, Augusto Aguayo, y la única cuestión envuelta en el recurso es si la Corte de Distrito de Ponce pudo ordenar mediante *injunction* la suspensión del procedimiento de desahucio por el fundamento de haberse promovido posteriormente otro juicio sobre nulidad del título de propiedad alegado por el demandante en desahucio, Augusto Aguayo.

El juicio de desahucio es un procedimiento especial cuyo único fin es obtener la posesión de un bien inmueble, siendo el juicio ordinario el adecuado para resolver sobre el derecho de propiedad de dicho inmueble. *Torres et al.* v. *Pérez,* 18 D. P. R. 573, y *León* v. *Alvarado,* 24 D. P. R. 700. De ahí que la sentencia declaratoria de desahucio por referirse a la posesión y no al derecho de propiedad, no impide la promoción de un juicio ordinario para discutir ese derecho y como es consiguiente no puede servir de fundamento a la excepción de cosa juzgada. *Virella* v. *Virella,* 23 D. P. R. 693.

Haciendo aplicación de la doctrina legal expuesta tenemos que por la sentencia de desahucio de la Corte Municipal de Ponce, de 1º. de febrero de 1918, se declaró a favor de Augusto Aguayo el derecho a la posesión de la finca urbana de que se trata, quedando libre a favor de José Tomás Ortiz la acción para discutir el derecho a la propiedad sobre la misma finca y mientras ese derecho de propiedad no sea declarado por sentencia, el derecho a la posesión declarado por la sentencia de desahucio debe subsistir y no puede en-

torpecerse por el mero ejercicio de una acción que afecta al
título de propiedad.

El remedio de *injunction* para suspender el procedimiento
de desahucio por estar pendiente una acción que afecta a la
validez o eficacia del título del demandante en desahucio,
haría ilusorio el procedimiento especial de desahucio es-
tablecido por la ley pues el demandado en desahucio ejer-
citaría para evitar el lanzamiento de que se creyera amena-
zado la acción ordinaria con cuyo ejercicio conseguiría con-
tinuar en posesión mientras por trámites largos y lentos se
decidía su acción.

Ciertamente que con arreglo a la ley de *injunction* de
marzo 8, 1906, un *injunction* puede decretarse para impe-
dir una multiplicidad de procedimientos judiciales, pero el
verdadero sentido de esas palabras no impide que diferentes
personas establezcan reclamaciones que *prima facie* son váli-
das contra la misma propiedad, como sucede en el presente
caso en que el demandante en desahucio ejercitó un derecho
que la ley le reconoce y el demandante en la acción ordinaria
ejercitó otro derecho distinto al amparo de la ley. Ambas
demandas aunque distintas son compatibles, y la una no es-
torba a la otra.

No se trata en el presente caso de impedir mediante el
*injunction* una multiplicidad de procedimientos, y opinamos
que no fué la intención de la legislatura el permitir que una
parte obtuviera por medio del *injunction* lo que de otro modo
no podría obtener, o sea la suspensión del procedimiento
especial de desahucio mediante el ejercicio de una acción
ordinaria sobre la misma cosa. *The American Trading Com-
pany* v. *Monserrat,* 18 D. P. R. 273.

El remedio para evitar los daños y perjuicios que pudie-
ran causarse al peticionario por no suspenderse el procedi-
miento de desahucio no es el *injunction* sino el común que
establece la ley mediante la anotación de la demanda ordi-
naria en el registro de la propiedad.

Por las razones expuestas es de revocarse la orden apelada, declarando sin lugar el *injunction* preliminar solicitado.

> *Revocada la orden apelada y declarado sin lugar el* injunction *preliminar.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.