Carlos Picón, demandante y apelante, *v.* Francisco Paz Urdaz, demandado y apelado.

No. 3750.—*Visto:* Enero 28, 1926.   *Resuelto:* Marzo 3, 1926.

Sentencia—Finalidad de la Adjudicación—Cuestiones Determinadas o Resueltas—Cuestiones Levantadas que Están en Controversia (*Issue*)—Cuestiones Previamente Litigadas y Resueltas.—Cuando el hecho de si un arrendamiento se hizo o nó en tiempo determinado se ha resuelto en juicio de desahucio contra el arrendatario, éste no puede promover esa cuestión en pleito para probar que su arrendamiento fué por tiempo determinado y recobrar daños y perjuicios por haber sido lanzado de la finca antes del mismo, por ser cosa juzgada.

Sentencia de *Rafael Díaz Cintrón,* J. (Ponce), declarando sin lugar la demanda sobre daños y perjuicios, sin costas. *Confirmada.*

*Leopoldo Tormes García,* abogado del apelante; *Gustavo Rodríguez Acevedo,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El demandante en este pleito renunció al derecho que le fué concedido para enmendar su demanda al ser resuelto que ella no aduce hechos determinantes de causa de acción y fué dictada sentencia declarándola sin lugar, contra cuyo fallo ha interpuesto esta apelación.

Los hechos de la demanda reproducidos brevemente son

los siguientes: Que por contrato verbal el demandante tomó en arrendamiento al demandado un local por cierto precio mensual y término de dos años, estableciendo en él un cafetín y billar: que el demandante cumplió los términos del contrato pero dos meses después fué requerido por el demandado para dar por terminado su contrato y habiéndose negado a desocupar el local fué demandado en desahucio en una corte municipal donde se siguieron los trámites legales y fué condenado a desocupar el expresado local, de cuyo fallo apeló para ante la corte de distrito y preparó una fianza por $300 que le fué exigida para la apelación, fianza que por un error del secretario de la corte municipal se hizo aparecer como de $100 en vez de $300 y fué anulada: que el demandante estableció un procedimiento de *certiorari* ante la corte de distrito para que revisara las actuaciones de la corte municipal en el juicio de desahucio, especialmente por la anulación de la fianza; que expedido el auto de *certiorari* fueron remitidos los autos de ese juicio a la corte de distrito la que después dictó sentencia anulando el auto expedido, contra cuyo fallo interpuso el demandante apelación para ante esta Corte Suprema: que mientras se tramitaba esta apelación el demandado solicitó y obtuvo de la corte de distrito que devolviese los autos del juicio de desahucio a la corte municipal quien cumplió su sentencia a instancia del ahora demandado lanzando al demandante del local que ocupaba, lo que ha causado los daños que especifica y hace ascender a $1,000.

Aunque la demanda alega que el demandante, como arrendatario, cumplió todas las condiciones del contrato verbal de arrendamiento que celebró con el demandado cuyo término era de dos años no obstante lo cual fué requerido a los dos meses para que desocupara la finca, fué demandado en desahucio y fué lanzado de ella, toda la cuestión en este pleito depende principalmente de si el contrato fué por término de dos años pues por el incumplimiento de ese contrato se reclaman los daños, ya que si no tenía tiempo de-

terminado vencía cada mes por pagarse los cánones de arren-
damiento por meses y el arrendador podía ejercitar la ac-
ción de desahucio, según dispone el artículo 1484 del Código
Civil y el demandante no tendría acción por daños y perjui-
cios contra el demandado por haber ejercitado éste el dere-
cho que le reconoce la ley.

Es cierto que la demanda alega que el contrato fué por
dos años, pero como también alega que fué requerido por el
demandado para dar por terminado el contrato y que a pe-
sar de cumplir con sus obligaciones fué demandado en desa-
hucio y lanzado de la finca, de la propia demanda resulta
que la cuestión en el juicio de desahucio fué la del término
del contrato, que sirvió de fundamento a la acción de desa-
hucio, cuya sentencia contra el inquilino tenía que resolver
que el arrendamiento fué sin tiempo determinado, resul-
tando así que ha sido resuelto judicialmente entre las par-
tes que el contrato no tenía plazo fijado para su duración.

Que el juicio de desahucio produce excepción de cosa juz-
gada para otro pleito sobre el mismo asunto y entre las
mismas partes ha sido resuelto por el Tribunal Supremo de
España en sus sentencias de 22 de marzo de 1907 y de 4 de
octubre de 1912, Jurisprudencia Civil, tomos 106 y 122, pá-
ginas 684 y 401, respectivamente, al examinar el artículo
1252 de su Código Civil cuyas disposiciones se hallan en el
artículo 1219 del nuestro, pues de la primera de ellas así se
deduce porque aunque declaró que no procedía la excepción
de cosa juzgada en ese pleito fué porque "si bien en el ac-
tual pleito son las mismas, las personas que litigaron en el
anterior, existe manifiesta diversidad entre las cosas y las
causas porque en el juicio de desahucio, terminado por sen-
tencia firme del juzgado de primera instancia, se resolvió
solamente la existencia y realidad del contrato de arrenda-
miento celebrado entre los hermanos Riera y la falta de
pago de alquileres por parte del arrendatario; mientras que
en el actual y en el segundo particular de la demanda a que
el recurso se contrae, se dan por supuestos tal contrato y

falta de pago que dieron lugar al desahucio, ahora no controvertido, y partiendo de la firmeza de la sentencia pronunciada en dicho pleito, se pretende sólo que parte de lo consignado y después entregado al arrendador para poder interponer la apelación conforme al artículo 1566 de la Ley de Enjuiciamiento Civil, o sea las seis primeras anualidades de las 11, cuya falta de pago alegó también el actor para fundar el desahucio, no eran debidas por el arrendatario, en atención a haber prescrito el derecho para reclamarlas.'' La otra sentencia es aún más precisa, y tratándose de la excepción de cosa juzgada por virtud de un juicio de desahucio anterior por falta de pago de la renta, declara que existe cosa juzgada si son idénticas en los dos pleitos la cosa que se discute y la causa porque se demanda no obstante que a la acción que se ejercite en el segundo se le dé distinto nombre que en el primero; que la nulidad e ineficacia del juicio de desahucio que en primer término solicita el recurrente quedó resuelta por el fallo de desahucio que estimaba la rescisión del contrato; que al estimar la sala sentenciadora la excepción de cosa juzgada y al absolver al recurrido del principal extremo de la demanda no infringió el artículo 1252 del Código Civil y que la ley no previene que en los juicios de desahucio pueda promoverse otro más amplio con el mismo fin, cualquiera que sea la justicia intrínseca de su fallo. Los casos de *Torres* v. *Pérez,* 18 D.P.R. 573, de *León* v. *Alvarado,* 24 D.P.R. 700, y *Aguayo* v. *Ortiz,* 26 D.P.R. 736, citados por el apelante como fundamento para sostener que a pesar del juicio de desahucio puede promover este pleito no son de aplicación al presente, pues lo que en ellos se ha declarado es que como el fin del juicio de desahucio es obtener la posesión de la finca, no impide que la cuestión de propiedad pueda ser resuelta en otro pleito, cuestión que no es el fundamento de este litigio. La sentencia en el juicio de desahucio es cosa juzgada entre las partes en este pleito sobre si el arrendamiento se hizo o nó sin tiempo determinado, y por esto el

arrendatario no puede ahora promover la misma cuestión de hecho en este pleito para probar que su arrendamiento fué por dos años y recobrar daños y perjuicios por haber sido lanzado de la finca antes de ese tiempo. La cuestión en el juicio de desahucio era si el contrato tuvo tiempo determinado o nó y en él ha debido alegar y probar el ahora demandante que tenía un término de dos años no vencidos para que se le absolviera de aquella demanda.

*La sentencia apelada debe ser confirmada.*