JULIO ROJAS ROSARIO, peticionario, *v.* TRIBUNAL DE DISTRITO DE PUERTO RICO, SECCIÓN DE ARECIBO, HON. A. LENS CUENA, JUEZ, demandado; ÁNGEL NATAL RÍOS ET AL., interventores.

Núm. 1878.—*Sometido:* Mayo 3, 1951. *Resuelto:* Mayo 18, 1951.

*Antonio Riera, Aureliano Rivas Rosario, Ramón Gandía Bis-*
*combe* y *Alberto Ferrer,* abogados del peticionario; *E. Pérez*
*Casalduc,* abogado de los interventores, demandados en el
pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Una vez más tenemos ante nos una controversia en cuanto a las colindancias de fincas adyacentes. Julio Rojas Rosario radicó ante el tribunal de distrito, sección de Arecibo, un recurso de *injunction* contra Ángel Natal Ríos y otros para que se les prohibiera utilizar cierta parte de una finca que Rojas alegaba había tomado en arrendamiento de la Autoridad de Tierras. Celebrado el juicio en los méritos, el 26 de octubre de 1949 el tribunal de distrito dictó sentencia desestimando la petición por el fundamento de que "el injunction no es el procedimiento adecuado para dirimir la controversia existente entre las partes y establecer los límites y colindancias de los predios de las mismas . . . siendo el procedimiento adecuado el deslinde y amojonamiento por concurrencia y acuerdo de las partes o, de no lograrlos, por acción civil ordinaria." Dicha sentencia se convirtió en firme e inapelable.

Posteriormente se aprobó la Ley núm. 238, Leyes de Puerto Rico, 1950 ((1) pág. 607). El 11 de julio de 1950, la Autoridad de Tierras y Rojas radicaron una petición ante el juez de paz de Barceloneta, solicitando que Ángel Natal y los otros fuesen citados y que el juez de paz estableciera

"un estado provisional de derecho" de la colindancia entre las propiedades, a tenor con la Ley núm. 238.(¹)   Después de cumplir con el procedimiento establecido por las secciones 2 y 3 de la Ley núm. 238, el juez de paz dictó una resolución autorizando a Rojas, como medida provisional, a cercar con alambre el terreno a tenor con su arrendamiento, siendo entendido que si luego se determinaba que la cerca estaba en la finca de los miembros de la Sucesión Natal, Rojas sería obligado a destruirla por su cuenta y riesgo.

El 31 de agosto de 1950 la Sucesión Natal radicó una moción ante el tribunal de distrito, sección de Arecibo, dentro del recurso original de injunction solicitando se ordenara al juez de paz que dejara sin efecto su resolución y a Rojas que destruyera la cerca de alambre.   Celebrada una vista, la corte inferior el 20 de septiembre de 1950 declaró con lugar esta moción.   Manifestó la corte que "no es aplicable a los hechos de este caso la mencionada Ley núm. 238 aprobada después de haberse dictado sentencia en el mismo y ser ésta firme, y que el juez de paz . . . carecía de facultad para dictar la resolución . . ."   Resolvió que la actuación del juez de paz y de Rojas no fué "intencional" y por consiguiente que no habían incurrido en desacato.   No obstante, el tribunal de distrito ordenó a Rojas que destruyera la cerca y en caso de no hacerlo, ordenó al márshal que la destruyera, disponiendo asimismo que cualquier acto de Rojas tendente a impedir el cumplimiento de su resolución o a construir nuevamente la cerca sería considerado como

---

(¹) La sección 4 de la Ley núm. 238 provee en parte así: "Será deber del magistrado, en el curso de la vista, el tratar de armonizar a las partes para que la controversia quede satisfactoriamente resuelta.   Si ello no fuere posible y si como resultado de la vista el magistrado se convenciere de que existe, bajo la ley, una controversia entre las partes, la cual requiere adjudicación judicial, dictará una resolución determinando cuál de las partes tiene probablemente la razón.   A tenor de esa resolución el magistrado fijará un estado provisional de derecho, que será obligatorio entre las partes mientras la controversia sea ventilada en el curso ordinario de la ley.   La resolución podrá ser autorizando o negando el paso por determinada finca y fijando el sitio del paso u ordenando la fijación provisional de colindancias."

desacato. El tribunal de distrito declaró sin lugar una moción de reconsideración radicada por Rojas. Expedimos el auto de *certiorari* para revisar la resolución del tribunal de distrito.

■■ No nos detendremos a determinar, como sostiene Rojas, si el tribunal de distrito carecía de jurisdicción para dictar la resolución aquí envuelta. *Cf. Ortiz* v. *Aguayo*, 26 D.P.R. 735; *Goffinet et al.* v. *Polanco*, 30 D.P.R. 827; artículo 678, Código de Enjuiciamiento Civil, ed. 1933. Aun suponiendo que la tuviera, su propia sentencia en el recurso de injunction demuestra que no había pasado sobre los méritos de la controversia entre las partes. Más bien desestimó el recurso por el fundamento de que el injunction no era el remedio adecuado. En consecuencia, esto no fué una adjudicación definitiva de la controversia. Y no impidió á Rojas tratar de obtener su remedio en otro recurso, ya fuera bajo la ley existente o bajo un estatuto aprobado posteriormente.

La Ley núm. 238 tiene el propósito laudable de mantener la paz proveyendo un procedimiento sencillo y sumario para fijar un *status* provisional legal en las controversias sobre colindancias mientras éstas son ventiladas "en el curso ordinario de la ley". Véase la Exposición de Motivos, Ley núm. 238. Por consiguiente, Rojas tenía derecho a proceder bajo dicha ley antes de que radicara el procedimiento adecuado sugerido por la propia corte de distrito en su sentencia en el recurso de injunction.

Es claro que bajo la sección 6 de la Ley núm. 238 el tribunal de distrito no podía intervenir con la resolución del juez de paz. La sección 6 provee que tal resolución "será inapelable, pero no constituirá cosa juzgada respecto a ninguno de los puntos adjudicados en la misma." La Ley núm. 238 establece un procedimiento sumario para fijar amigablemente el status provisional del terreno en disputa hasta que recaiga la determinación ordinaria de los tribunales sobre la controversia. Para que este procedimiento sumario fuese efectivo, la Legislatura proveyó que tal resolución

fuese inapelable. Esto significa que ninguna corte, incluyendo al tribunal de distrito, puede intervenir con la resolución del juez de paz, a menos que actúe de conformidad con la sección 7.

La sección 7 provee que "Entablada la acción ordinaria, el tribunal competente podrá, en forma interlocutoria, enmendar o dejar sin efecto la orden del magistrado, si se le demostrase, con oportunidad de audiencia a la otra parte, error craso o circunstancias extraordinarias que así lo justifiquen." Dicha sección no autorizó al tribunal de distrito a actuar dentro del recurso de injunction. La ley de dicho caso, en virtud de la sentencia firme dictada en el mismo, era que el recurso no era el procedimiento adecuado para determinar los derechos de las partes. Por tanto, la sección 7 entraría en juego solamente en caso de que y cuando cualquiera de las partes radicase tal procedimiento adecuado.

Visto el resultado a que hemos llegado, es innecesario que discutamos las otras cuestiones suscitadas por el peticionario.

*La resolución del tribunal de distrito del 20 de septiembre de 1950 será dejada sin efecto y la moción del 31 de agosto de 1950, solicitando dicha resolución dentro del recurso de injunction, será declarada sin lugar.*