Leocadia Negrón, asistida de su esposo Juan José Valentín, demandante y apelante, *v.* Genaro Rosado, demandado y apelado.

Número 11072.

*Sometido:* 5 de marzo de 1954. *Resuelto:* 30 de marzo de 1954.

*Buenaventura Esteves,* abogado de la apelante; *José Luis Méndez,* abogado del apelado.

El Juez Asociado Señor Ortiz emitió la opinión del tribunal.

El día 2 de enero de 1952 Leocadia Negrón, asistida de su esposo Juan José Valentín, radicó en la Sección de Aguadilla del anterior Tribunal de Distrito una demanda de *injunction* para recobrar la posesión de bienes inmuebles, en la que alegaba que el demandado Genaro Rosado, dentro del año anterior a la radicación de la demanda, penetró en una finca de la demandante y destruyó una cerca y colocó en otro sitio dentro de la finca de la demandante otra cerca de alambres de púas, quedando despojada la demandante de la posesión de una parcela de una cuerda y media. Antes de haberse radicado la demanda de injunction posesorio los propios esposos

aquí demandantes habían radicado en la anterior Corte Municipal de San Sebastián una querella, bajo las disposiciones de la Ley núm. 238 de 8 de mayo de 1950 ((1) pág. 607), en la que se solicitaba que se estableciese un deslinde provisional de las fincas de las partes en este litigio. El 14 de enero de 1952, después de haberse radicado la demanda de injunction posesorio, la Corte Municipal de San Sebastián dictó una sentencia autorizando al demandado a mantener una cerca de alambres precisamente en el mismo sitio alegado en la demanda de injunction posesorio como el lugar donde el demandado construyó tal cerca. Posteriormente, o sea, el 13 de mayo de 1953, la Sala de Aguadilla del Tribunal Superior dictó, a solicitud del demandado en el pleito de injunction posesorio, una sentencia sumaria desestimando la demanda de injunction por el fundamento de que la sentencia dictada por la anterior Corte Municipal de San Sebastián impedía y derrotaba la demanda de injunction posesorio, a tenor con lo resuelto en el caso de *Rojas* v. *Tribunal de Distrito*, 72 D.P.R. 521, y en vista de que la sentencia del tribunal de San Sebastián creaba un estado provisional de derecho que solamente podría ser dejado sin efecto en un procedimiento ordinario que fuese adecuado, no siendo el *injunction* posesorio tal procedimiento ordinario.

La demandante ha apelado ante este Tribunal e impugna la sentencia sumaria dictada, alegando que la sentencia dictada por el tribunal de San Sebastián bajo las disposiciones de la Ley núm. 238 de 1950 no es un impedimento a la demanda de injunction posesorio y que el caso de *Rojas* no es aplicable al de autos. Tiene razón la apelante. Se hace preciso el transcribir extensamente la citada Ley núm. 238 de 1950. Dispone ella en parte lo siguiente:

"Exposición de Motivos

"Las controversias sobre colindancias y sobre derecho de paso por fincas privadas crean pasiones que son fuente constante de delitos contra la persona, aumentando así considerablemente la criminalidad en Puerto Rico. Los procedimientos que proveen

las leyes para adjudicar los derechos en esos casos, aunque eficientes en su alcance final, resultan complicados y tardíos y no tienen el efecto de mitigar las pasiones durante su tramitación. Hace falta un procedimiento sencillo y rápido que establezca un estado provisional de derecho que fije las relaciones y derechos de las partes mientras los casos se ventilan por los cursos ordinarios de la ley. El procedimiento debe ser sencillo y rápido, más bien una medida profiláctica encaminada a conservar la paz y evitar actos de violencia mientras la contienda se adjudica en su fondo.

"*Decrétase por la Asamblea Legislativa de Puerto Rico:*

"Sección 1.—El magistrado a que esta Ley se refiere es el Juez de Paz en los municipios donde no haya Juez Municipal, y el Juez Municipal, en los municipios donde los haya.

"Sección 2.—El magistrado oirá verbalmente en su despacho a cualquier persona que se querellase de dificultades con otra u otras con motivo de desavenencias o controversias en lo relativo a colindancias o paso por fincas privadas. Si de la querella verbal resultase que hay un problema legal por adjudicarse el magistrado dispondrá la citación de las partes envueltas, bajo apercibimiento de desacato, para una comparecencia ante él dentro de un término que no excederá de cinco (5) días. El hecho de expedirse las citaciones equivaldrá a dar curso a la querella y ésta se anotará en un libro ad-hoc por el magistrado. La incomparecencia de una persona debidamente citada para una comparecencia ordenada según esta Ley, será condenable como desacato a la corte presidida por el magistrado que expidió la citación. Podrá citarse al dueño de la finca o a la persona que esté actuando como administrador o encargado de ésta.

"Sección 3.—El día de la comparecencia el magistrado oirá verbalmente a las partes, y, si éstas ofreciesen testigos u otras pruebas fijará fecha para la continuación de la vista y en dicha continuación oirá los testigos que se produzcan y admitirá las otras pruebas pertinentes que se ofrezcan. En dichas vistas los interesados podrán comparecer asistidos de abogado, y disfrutarán del derecho de contrainterrogar a los testigos que declaren en su contra.

"Sección 4.—Será deber del magistrado, en el curso de la vista, el tratar de armonizar a las partes para que la controversia quede satisfactoriamente resuelta. Si ello no fuere posible y si como resultado de la vista el magistrado se convenciere de que existe, bajo la ley, una controversia entre las partes, la cual

requiere adjudicación judicial, dictará una resolución determinando cuál de las partes tiene probablemente la razón. A tenor de esa resolución el magistrado fijará un estado provisional de derecho, que será obligatorio entre las partes mientras la controversia sea ventilada en el curso ordinario de la ley. La resolución podrá ser autorizando o negando el paso por determinada finca y fijando el sitio del paso u ordenando la fijación provisional de colindancias. La resolución será dictada verbalmente, pero dentro del término de cinco (5) días se hará constar por escrito. La resolución escrita deberá contener, además, una síntesis de las alegaciones de cada parte, el historial del trámite habido, lo que tendió a establecer la prueba de cada parte, las conclusiones del magistrado de que hay una parte que probablemente tiene la razón, con expresión de los fundamentos y la fijación del estado provisional de derecho, con exposición de los actos que autoriza o prohibe o derechos que provisionalmente reconoce. Al dar verbalmente su resolución el magistrado explicará a las partes el alcance de la misma y las informará del delito que habrán de cometer y la penalidad en que habrán de incurrir si violaren la orden. También informará el magistrado a la persona o personas contra quienes se dicte la resolución, su derecho a plantear el asunto ante Tribunal competente, en el curso ordinario del procedimiento. La resolución será obligatoria desde que se dicte verbalmente, pero será notificada a los interesados o sus abogados dentro de los 10 días de dictada verbalmente. La resolución se transcribirá en el libro ad-hoc de anotaciones de querellas bajo esta Ley.

"Sección 5.—Toda persona que violare voluntariamente alguno de los términos de una resolución fijando un estado provisional de derecho, según esta Ley, incurrirá en 'misdemeanor' y será castigada con pena de cárcel mínima de 30 días o máxima de seis meses, o multa por no menos de cincuenta ni más de quinientos dólares, o ambas penas, a discreción del tribunal competente.

"Sección 6.—Una orden fijando un estado provisional de derecho, según esta Ley, será inapelable, pero no constituirá cosa juzgada respecto a ninguno de los puntos adjudicados en la misma."

▮▮▮▮▮ Fué el propósito de la Ley núm. 238 el de establecer un procedimiento excepcionalmente sumario que culminase en el señalamiento inmediato de colindancias enteramente provi-

sionales, para atender a posibles situaciones de emergencia, y así "conservar la paz y evitar actos de violencia mientras la contienda se adjudica en su fondo." La creación de un estado provisional de derecho mediante la sentencia que se dicte, no destruye el derecho de las partes a hacer valer sus derechos en el curso ordinario de la ley. No creemos que haya sido el propósito del legislador al aprobar la Ley núm. 238 el dejar sin efecto los remedios, acciones y procedimientos que estaban al alcance de las personas, o litigantes potenciales, al aprobarse tal ley. Entre esos remedios y acciones disponibles estaba el injunction para recobrar o conservar la posesión de bienes inmuebles. La Ley núm. 238 no destruyó la procedencia de tal acción. La propia Ley de referencia dispone que la sentencia que se dicte en el procedimiento sumario creado por esa Ley establece solamente un estado provisional de derecho, que no constituye cosa juzgada y no impide a las partes el dejar sin efecto ese estado provisional en un procedimiento judicial en el curso ordinario de la ley. Independientemente de si el injunction posesorio constituye, generalmente, un procedimiento "ordinario", no se nos ha demostrado que, dentro del significado, términos y propósitos de la Ley núm. 238, tal acción de injunction posesorio haya quedado excluída por esa Ley, o que haya sido la intención legislativa el que el injunction posesorio no sea uno de los procedimientos en el curso ordinario de la Ley a los cuales se pueda acudir para dejar sin efecto el "estado provisional de derecho" creado por una sentencia bajo la Ley núm. 238. Por lo tanto, tal sentencia no es un impedimento al injunction posesorio.

Bien conocida es la regla de que en un injunction para recobrar la posesión de bienes inmuebles solamente puede discutirse la posesión como cuestión de hecho, no pudiendo un demandado invocar sus supuestos derechos sobre la finca. Menos aún podría un demandado plantear como defensa un "estado provisional de derecho". Desde otro punto de vista,

el deseo de evitar actos inmediatos de violencia, que animó al legislador a aprobar la Ley núm. 238, no debe servir de base para convertir en inefectivo el remedio tradicional de injunction posesorio.

No es aplicable al caso de autos el de *Rojas* v. *Tribunal de Distrito*, supra. En este último caso mucho antes de haberse iniciado una querella bajo la Ley núm. 238, ya se había dictado una sentencia, que se había convertido en firme y obligatoria para las partes, en que se había resuelto que el injunction posesorio no era un remedio adecuado. Se resolvió que una de las partes no podía, dentro del recurso original de injunction, solicitar que se dejara sin efecto una sentencia dictada bajo las disposiciones de la Ley núm. 238. No se resolvió que la Ley núm. 238 impedía una acción de injunction posesorio sino que la sentencia firme dictada en el caso anterior de injunction era la ley del caso entre las partes, al efecto de que el recurso de injunction no era el procedimiento adecuado para determinar los derechos de las partes. El recurso de injunction era inadecuado, no en virtud de la Ley núm. 238, sino en virtud de que ello había sido establecido en una sentencia ya firme dictada en el propio procedimiento de injunction.

Erró, por lo tanto, el tribunal de Aguadilla al dictar una sentencia sumaria desestimando la demanda por el fundamento de que la sentencia dictada en el procedimiento incoado bajo la Ley núm. 238 servía de impedimento al injunction posesorio .

*Debe revocarse la sentencia apelada y devolverse el caso a la Sala de Aguadilla del Tribunal Superior para que allí se sigan los procedimientos posteriores que no sean incompatibles con esta opinión.*