**Richard W. DE VANE, Plaintiff,**

**v.**

**UNITED STATES of America, Jerguson Gage & Valve Co., Jackson & Moreland, Inc., Maxon Construction Co., P. R. Avery Company (formerly Avery Saul Co., Inc.), Burns & Roe Western Hemisphere Corp., Grinell Company, Inc., Corning Glass Works and the Puerto Rico Water Resources Authority, Inc., Defendants.**

**Civ. No. 280–66.**

United States District Court
D. Puerto Rico.

Oct. 6, 1966.

Nachman & Feldstein, San Juan, P. R., for plaintiff.

Pieras & Martin, Gonzalez Jr., Gonzalez, Oliver & Novak, Rieckehoff, Calderon, Vargas & Arroyo, Hartzel, Fernandez & Novas, San Juan, P. R., for defendants.

## ORDER

CANCIO, District Judge.

This case is now before the Court on a motion by defendant, Puerto Rico Water Resources Authority, requesting the dismissal of plaintiff's complaint on the ground that, on its face, the cause of action pursued is barred by the provisions of Article 1868[1] of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5298, since the facts of the accident alleged and set forth occurred on July 5, 1964, and the complaint was filed on May 26, 1966, that is, almost two years later, the statute of limitations being for one year.

Plaintiff has also requested from this Court the opportunity to file a new complaint setting forth the basis for the tolling of the statute of limitation of Puerto Rico.

---

1. Article 1868 reads as follows:

"The following prescribe in one year:

1. * * *

2. Actions to demand civil liability for * * * obligations arising from the fault or negligence mentioned in Article 1802 of this Code, from the time the aggrieved person had knowledge thereof."

Article 1802 of the Civil Code (31 L.P.R.A. § 5141) is the one under which plaintiff seeks to recover for his alleged injuries.

Plaintiff submitted to this Court that the basis for the tolling of the statute of limitation in Puerto Rico consisted in the assumption that the plaintiff's employer, although uninsured with the Puerto Rico State Insurance Fund, was insured pursuant to the provisions of the Workmen's Compensation Act of the State of Florida, and that medical treatment has been afforded under that act to the plaintiff although no final award has been made as to plaintiff's physical condition. It was also submitted by plaintiff that even assuming that the employer were uninsured under either statute the prescription period has not expired since plaintiff could have received medical treatment under the local Workmen's Compensation Act.

Plaintiff submitted to this Court that pursuant to Florida Workmen's Compensation Statute, plaintiff has four years from the date of the accident within which his suit, as the one of the case at bar, may be brought.

At the time of the alleged accident, plaintiff was a domiciliary of the State of Florida and an employee of General Nuclear Engineering Corporation, incorporated and doing business within the State of Florida. Plaintiff was insured by this corporation in accordance with the laws of Florida. He was assigned to the Bonus plant in Puerto Rico, and was in the pursuance of his duties when the accident allegedly occurred. The Florida Corporation had not insured its employees in accordance with the Workmen's Compensation Act of Puerto Rico.

Plaintiff contends that, in this case, it is the law of Florida that must be applied and not the Puerto Rican law. This is a crucial point for, if he is correct, then this Court must apply the Florida statute of limitations which runs for four years—7 Florida Statutes Annotated § 95.11(a)—and not the Statute of Puerto Rico which runs for one year —31 L.P.R.A. § 5298.

As noted above, the alleged accident occurred in Puerto Rico. The Rule of Conflicts regarding actions in torts in this jurisdiction is that the law of the place of the tort (*lex loci delicti*) is to apply. Therefore, the law of the forum (*lex fori*) to be applied is the substantive and procedural law of Puerto Rico, the fact that plaintiff is a domiciliary of the State of Florida notwithstanding.

On this question, there is no rule of *renvoi* in tort actions brought within this jurisdiction. However, even if we assume for the sake of argument that the law of Florida is to be applied, we would still end up by applying the law of Puerto Rico on the question of the statute of limitations. On this point, the law of the State of Florida is explicit:

When the cause of action has arisen in another state or territory of the United States, or in a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time, no action thereon shall be maintained against him in this state. 8 F.S.A. § 95.10.

If the action can not be maintained in the State of Florida due to the reason that the law applicable in the jurisdiction of Florida would be the law from the jurisdiction where the cause of action has arisen (in this case the law of Puerto Rico) the statute of limitation in Florida allowing four years to bring action within the date of the accident, when the accident occurs in Florida —7 F.S.A. § 95.11(a)—cannot be applied in this case, when the action is brought in court within the jurisdiction of Puerto Rico. Whether the Statute of Florida has or not extra-territorial effect on this case has no bearing since the cause of action in this case is barred either under the law of Puerto Rico—31 L.P.R.A. § 5298—or the law of the State of Florida, adopting and specifically making applicable the statute of limitation from the jurisdiction where the cause of action arises—8 F.S.A. § 95.10.

Under the laws of Puerto Rico, every employer has the obligation to insure his employees with the State Insur-

ance Fund. 11 L.P.R.A. § 32. In this case, General Nuclear Engineering Corporation had failed to do so; but it had insured plaintiff under the Workmen's Compensation Act of Florida. This, by itself, does not mean that the laws of Florida governing workmen's compensation must be applied here. On the contrary, the law to be applied is the law of Puerto Rico.

This is not the case where a tort has been committed in one jurisdiction and the suit to enforce rights arising from that tort is brought in another. Here, both the place of the tort and the forum are one and the same. Neither is this the case where the plaintiff is suing on rights contracted in another jurisdiction. Hence, the Court sees no good reason advanced as to why it should apply the Florida statute of limitations. If this case were treated as a case in Conflicts of Law, the Court would still be applying Puerto Rican law under the rule of conflicts of the laws of Florida.

In Fornaris v. American Surety Co. of New York, et al., resolved by the Puerto Rico Supreme Court on January 24, 1966, the traditional rule of *lex loci delicti*, was not followed and instead it was adopted the rule of "dominant or grouping contacts". But the facts of this case are completely different from the facts of the case decided by the Puerto Rico Supreme Court. In the *Fornaris* case the rigid applicability of the traditional rule would have resulted in an injustice and with no practical benefits to the parties therein.

When an employer has an uninsured status with the Puerto Rico State Insurance Fund, the provisions of 11 L.P.R.A. § 32 do not apply. The one year statute of limitation for personal injuries is in force and the employee has one year from the date of the accident in which to bring his action. If the employer is insured, the injured employee has one year from the time when the decision of the Administrator of the State Insurance Fund becomes final and executory.

It is true that as far as the worker or employee is concerned there is no difference whether his employer is insured or uninsured. In either case, medical treatment and compensation shall be afforded to him under the act. But when the employer is uninsured, then the employee has to bring his suit against the third party within one year from the date of the accident whether the Administrator has or not made his decision or final award on the employee's physical condition or amount of compensation. The legal grounds of the foregoing consist on the fact that when an employer is insured, such employer is immune of any claim against him—11 L.P.R.A. § 21—and the only possibility of the State Insurance Fund to recover the compensation awarded to the employee is from a faulty third party. For such purpose the Administrator has ninety (90) days after his award [2] to subrogate himself in the rights of the employee. The purpose of suspending the statute of limitation is to afford the Administrator the opportunity to subrogate himself without having the statute of limitation run against him, since the decision or final award can take more than one year from the date of the accident. 11 L.P.R.A. § 32; Negrón v. Industrial Commission, 76 D.P.R. 282.

When the employer is uninsured the situation is different; the State Insurance Fund can collect from the employer the compensation and costs incurred for the benefit of the employee plus a penalty. And for such recovery against the employer, the State Insurance Fund is not bound by any statute of limitation—11 L.P.R.A. §§ 16, 18. When the employer is uninsured the Workmen's Compensation Law does not give the right to the Administrator to sue and collect from the third party in subrogation, nor needs to, as in the case of an insured employer since the Administrator can recover from such uninsured employer.

Also, when an employer fails to be insured for labor accidents in accordance

---

**2.** The award becomes final and executory after ninety (90) days from its issuance have elapsed without any further action from anyone.

with the Workmen's Compensation Act, any prejudiced workman may bring a suit for damages against the employer just as if the law were not applicable— 11 L.P.R.A. § 16, second paragraph. Therefore, by the same token, the action against the third party tortfeasor, if the Workmen's Compensation Act is not applicable, has to be brought within the year after the date of the accident since the period of limitation is not suspended until the date of the decision of the Administrator, as in the case of insured employer.

Even assuming that plaintiff has received treatment in Puerto Rico under the Puerto Rico Workmen's Compensation Act, and that a final award has not been made, the cause of action would still be barred by the statute of limitation, since the suspension provided on the Workmen's Compensation Act of the statute of limitation, until the decision of the Administrator is final and executory, does not apply when the employer is uninsured as in this case.

Wherefore, it is hereby ordered, adjudged and decreed that plaintiff's complaint be dismissed as against the Puerto Rico Water Resources Authority on the ground that, as a matter of law, both the law of Puerto Rico and the law of the State of Florida establish that this cause of action can not be maintained by reason of the lapse of time; and even though the plaintiff could be receiving medical treatment under the Florida Act or could receive compensation under the Puerto Rico Workmen's Compensation Act, he should have brought this action within one year after the accident, by reason that his employer is uninsured by having failed to be insured under the local workmen's compensation law; therefore, the time suspension afforded of the statute of limitation until the decision of the Administrator is final and executory to those employers with the status of insured, does not apply.

It is further ordered, adjudged and decreed, that plaintiff's petition for leave to amend the complaint be, and hereby is, denied.

It is so ordered.