203 So.2d 357 (1967)
Grant MESSINGER, II, a Minor by Jay Messinger and Reverend Robert Coleman, His Guardians, Appellant,
v.
Ella Scott TOM, Executrix of the Estate of Nylah T. Bell, Deceased, Appellee.
No. 7047.
District Court of Appeal of Florida. Second District.
October 20, 1967.
Rehearing Denied November 13, 1967.
*358 Castagna & Korones, Clearwater, and Horton & Schwartz, Miami, for appellant.
Charles Clark, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
HOBSON, Judge.
This is a timely appeal from an order and final judgment dismissing plaintiff-appellant's complaint with prejudice.
On January 16, 1965, Margarita Messinger, the mother of the minor plaintiff, Grant Messinger, II, was killed in an automobile accident which occurred in North Carolina, when the car collided with a bridge abutment. The automobile, which was owned by Mrs. Messinger, and in which she was a passenger, was being driven by Nylah T. Bell. Grant Messinger, II, his mother and Mrs. Bell were all residents of the State of Florida. The trip  to Washington, D.C.  on which the fatal accident took place, originated in Florida, and was to terminate in Florida. The automobile involved bore a Florida license plate and was owned and garaged here.
Mrs. Messinger left no surviving husband. Therefore, pursuant to the provisions of the Florida wrongful death statute, F.S. § 768.01 and F.S. § 768.02, F.S.A., her minor son, Grant Messinger, II, acting through his guardians, Jay Messinger and Reverend Robert Coleman, sued Ella Scott Tom, the executrix of Mrs. Bell's estate in the Hillsborough County Circuit Court to recover damages for Mrs. Messinger's death. Both of the guardians and the defendant-executrix are Florida residents, and the estates of both decedents, as well as young Messinger's guardianship, are being administered in our Florida courts. The complaint, which alleged in Count I that Mrs. Bell had been guilty of simple negligence, and, in Count II, that she had been grossly negligent in causing the accident, claimed damages recoverable under the Florida law for the death of the parent of a minor child; that is, the deprivation of the
"support, care, comfort, counsel, companionship, protection, estate, education, moral training and love of his mother."
The defendant moved to dismiss the complaint, in part upon the ground that under the law of the lex loci, North Carolina, the minor child had no cause of action for the death of his mother. The trial judge agreed with this position, and held that the law of North Carolina, which admittedly provides that a wrongful death action may be maintained only by a representative of the decedent's estate, governed the action, despite the overwhelming contacts with the State of Florida and the "salutary interest" of this state underlying the particular issue before the trial court.
Upon the authority of Hopkins v. Lockheed, Fla. 1967, 201 So.2d 743, the final judgment dismissing plaintiff-appellant's complaint with prejudice is hereby
Affirmed.
ALLEN, Acting C.J., and DAYTON, ORVIL L., Jr., Associate Judge, concur.