211 So.2d 868 (1968)
Elana LESCARD and Victor Lescard, Her Husband, Appellants,
v.
William Lee KEEL, Appellee.
No. 67-427.
District Court of Appeal of Florida. Second District.
May 31, 1968.
Rehearing Denied July 18, 1968.
*869 Frank C. Alderman, III, of Alderman, Johnston & Pack, Ft. Myers, Wolfson & Diamond, Miami Beach, for appellants.
James A. Franklin, Jr., of Henderson, Franklin, Starnes & Holt, Ft. Myers, for appellee.
ALLEN, Judge.
The parties to this appeal were involved in an automobile collision on May 26, 1963, in Thomas County, Georgia. None of the parties are residents of Georgia.
This suit was filed in Lee County, Florida, on November 10, 1965, which will be observed was more than two years after the date that the cause of action accrued.
Appellee filed a motion for summary judgment upon the ground that the statute of limitations had expired under the Georgia statute for appellants' cause of action and that the Georgia statute of limitations would be applicable in this case. The court so held and this is the appeal that is before us.
The record before us shows that the appellants attempted to bring a suit against the appellee on October 15, 1963, in Lee County, Florida, which was dismissed for lack of jurisdiction over the appellee; the second action was commenced in Dade County, Florida, November 14, 1963, which was dismissed for lack of jurisdiction over the appellee; a third action was commenced in Fulton County, Indiana, May 4, 1965, because it was learned appellee was residing there. This action was dismissed for lack of jurisdiction over the appellee. A fourth action was commenced July 7, 1965, again in Dade County, Florida, but was dismissed for lack of jurisdiction over the appellee.
The appellee resided in Indiana from 1962 until February 7, 1965, when he moved to Lee County, Florida. None of the parties involved in the suit resided in Georgia.
Section 3-1004, Code and Laws of Georgia, provides as follows:
"Injuries to the Person.  Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year."
Section 95.10, Florida Statutes, F.S.A., reads as follows:
"Limitation Upon Causes of Action Arising Out of the State.  When the cause of action has arisen in another state or territory of the United States or in a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time, no action thereon shall be maintained against him in this state."
Based on the two statutes above quoted, the lower court granted summary judgment based on the running of the statute of limitations. Georgia was the place where the action happened and Florida's statute specifically provides that the Georgia statute must be adhered to since the cause of action did arise in Georgia.
The appellants, in their well prepared brief, argue forcibly that the Florida Supreme Court in Hopkins v. Lockheed Aircraft Corporation, Fla. 1967, 201 So.2d 743, as originally decided, abandoned the lex loci delicti doctrine. On rehearing granted, Justice Drew, who had dissented in the original opinion, wrote the opinion of the Court saying (p. 751):
"It may be that any extensive discussion of tort doctrines, such as the lex loci delicti or place-of-wrong rule, is inappropriate in connection with a proceeding *870 explicitly characterized as one based on warranty. To the extent, however, that the place of performance or breach of a warranty may control the action, the law of Illinois should govern in this case, and there are obvious virtues, in consistency and stability, supporting the application of laws whenever possible in a cohesive rather than piecemeal fashion. In other words, the applicability or inapplicability of foreign law should so far as possible be based on objective and stable standards. While the place at which an event occurs may indeed be fortuitous, that circumstance nevertheless seems to me of primary importance in determining the legal effect to be accorded any occurrence upon which a cause of action depends. A domiciliary or other forum in which a transitory action is brought may in these times be equally fortuitous.
"We are not persuaded that this case presents any necessity or justification for abandonment of guiding principles in past decisions or for expression of broad rules better left to be established by the slower but more certain method of judicial case disposition."
Justice Drew's opinion was concurred in by three members of the Court while three of the justices dissented.
In Myrick v. Griffin (1941), 146 Fla. 148, 200 So. 383, an action was brought in Florida for injuries sustained in Alabama by a guest passenger in an automobile which had collided with a bridge abutment in an attempt to avoid a collision with a truck. Our Supreme Court held that the law of Alabama as construed by the Supreme Court of Alabama was controlling.
The cases of Kilmer v. Gustafson (5th Cir.1954), 211 F.2d 781, and Fruit Industries, Inc. v. Petty (5th Cir.1959), 268 F.2d 391, also show that Florida follows the doctrine of lex loci delicti.
We conclude that the lower court should be affirmed.
Affirmed.
LILES, C.J., and PIERCE, J., concur.