James W. BEASLEY, Appellant,

v.

FAIRCHILD HILLER CORPORATION, Appellee.

No. 25532.

United States Court of Appeals Fifth Circuit.

Oct. 7, 1968.

Rehearing Denied Dec. 11, 1968.

James A. Dixon, Jr., Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for appellant.

Samuel A. Brodnax, Jr., Kermit G. Kindred, Batchelor, Brodnax, Guthrie & Kindred, Miami, Fla., for appellee.

Before TUTTLE, COLEMAN, and MORGAN, Circuit Judges.

COLEMAN, Circuit Judge:

The sole issue in this appeal is whether the cause of action asserted against the appellee was timely filed. The District Court held that it was not. We affirm.

The action was filed in a Florida Circuit Court on July 20, 1966. Pursuant to an order for a more Definite Statement an amended complaint was filed September 23, 1966. The amended complaint was in two counts, the first sounding in negligence and the second on breach of implied warranty. In addition to a general denial of the material allegations of the amended complaint and the assertion of the affirmative defense of contributory negligence, the defendant pleaded the statute of limitations. The case was then removed to the Federal District Court upon diversity of citizenship. Subsequently, after depositions, summary judgment was granted the defendant because plaintiff's cause of action was barred by limitations. This appeal followed.

The controlling facts, which are undisputed, were that the appellee, Fairchild Hiller Corporation, is a California corporation engaged in the business of manufacturing and selling aircraft. On or about September 27, 1960, it manufactured and sold to a resident of Miami, Florida, a certain helicopter. The helicopter was delivered in California and from that point on Fairchild had nothing further to do with it. It was continuously owned, berthed, worked, serviced, and maintained in Florida.

Several months prior to April 30, 1964, the owner of the helicopter negotiated its sale to a California corporation. It was agreed that the aircraft would be delivered to the purchaser in Dallas, Texas, upon completion of necessary maintenance and repairs. The appellant was a qualified helicopter pilot of some twenty-five years experience and was the general manager of the company owning the helicopter. On April 29, 1964, he set out for Dallas with the aircraft. The flight proceeded without incident across Florida, Alabama, and Mississippi. Beasley was in the act of making a fueling stop at Tallulah, Louisiana, when the helicopter crashed, resulting in serious personal injury to the pilot. The crash occurred April 30, 1964.

As noted, suit was not filed until July 20, 1966. It alleged defect in the design of the fuel system of the aircraft. The plaintiff averred that it was not until the first week of August, 1965, that he became aware of facts raising the possibility that there might have been negligence or breach of warranty on the part of Fairchild Hiller. In April, 1965, a helicopter similar to the one in which Beasley was injured crashed in Miami. He asked his attorney to look into the matter and in August, 1965, a copy of the Civil Aeronautics Board report on that crash was received. Appellant says that upon the information contained in that report he was able, for the first time, to determine that a defective condition existed with respect to the helicopter in which he had crashed and, for the first time, he had reason to believe that he had a cause of action against the appellee.

■ Under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (1938) it is axiomatic that the Federal District Court in this diversity case was sitting as another court of the State of Florida, controlled by Florida law.

As was the District Court, we are confronted, at the outset, with § 95.10, Florida Statutes, F.S.A., which reads as follows:

"When the cause of action has arisen in another state or territory of the United States, or in a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time, no action thereon shall be maintained against him in this state."

■ It is of considerable significance that although this statute has been on the books for almost a hundred years, since 1872, the appellate courts of Florida have been called upon to refer to it only three times, as indicated by the annotations to the Florida Statutes and one subsequent decision. We are convinced that the clarity of its language and the certainty of its command simply left no room for litigation. In Brown v. Case, 80 Fla. 703, 86 So. 684 (1920) the Supreme Court of Florida said, and there has been no subsequent modification, "It is clear that the Legislature [by this statute] intended to give a debtor against whom a cause of action accrued in another state or territory, or in a foreign country, the benefit of statutes of limitations of those jurisdictions if they were shorter than that of this state". We cannot, therefore, agree with the suggestion of appellant that the ancient case of Perry v. Lewis, 6 Fla. 555 (1856), stands for the proposition that this statute applies only to limitations which "extinguish the right" and not to those which merely "bar the remedy". It is sufficient to point out that Florida Statutes § 95.10 was enacted sixteen years after *Perry* was decided and it

does not make the distinction outlined in the *Perry* case. The test, as Brown v. Case, supra, states it, is: Whether or not an action arising in a particular jurisdiction could have been maintained there at the time suit was commenced in Florida. See also Lescard v. Keel, 2 D.A., Fla., 211 So.2d 868 (1968).

■ We must next recognize that Florida follows the doctrine of lex loci delicti, the law of the place where the tortious act occurred, Hopkins v. Lockheed Aircraft Corporation, 201 So.2d 743, 749 (1967), and Lescard v. Keel, supra.

We are thus remanded to a consideration of whether on July 20, 1966, more than two years after the crash, appellant on either negligence or implied warranty, could have maintained this suit in the Courts of Louisiana.

■ As to negligence there would appear to be no uncertainty. Under Articles 3536 and 3537 of the Louisiana Civil Code this aspect of the action was barred after one year of the date on which damages were sustained. Page v. Cameron Iron Works, 5 Cir., 1958, 259 F.2d 420, relied upon by appellant is of no assistance to him because in that case Texas, the forum state, had no statute like that found in Florida Statutes § 95.10.

As to that count of the complaint asserting a cause of action on implied contract, appellant insists that such an action under Florida law is ex contractu, which it undoubtedly is; that under § 95.11 of the Florida Statutes a three year limitation applies; that it is the general rule of law that the law of the forum will characterize the nature of the cause of action for conflicts of law purposes; and that since this complaint was filed within three years it was not barred by Florida law. Again, for the reasons already stated, we must hold that Florida Statutes § 95.10 is decisive. We must look to the Louisiana law to determine whether this count could have been maintained in the Louisiana Courts on the date it was filed in Florida.

■■ Even so, appellant reminds us that Article 3544 of the Civil Code of Louisiana bars actions ex contractu only after the lapse of ten years. The difficulty in this is that Louisiana recognizes two distinct types of breach of warranty action. This was extensively reviewed in Lartigue v. R. J. Reynolds Tobacco Co., 5 Cir., 1963, 317 F.2d 19. The opinion of the Court in that case, written by a Louisiana Judge, held that the warranty liability which a consumer invokes against a manufacturer with whom he has no contract of sale is *delictual*, a liability in tort. We realize, of course, that federal courts do not make state law, but they do have the duty of ascertaining and applying state law, Meridith v. City of Winter Haven, Florida, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943); Huddleston v. Dwyer, 322 U.S. 232, 64 S.Ct. 1015, 88 L.Ed. 1246, 1248 (1944); Smithey v. St. Louis Southwestern Railway Co., 8 Cir., 1956, 237 F.2d 637. Therefore, finding no Louisiana state appellate decision to the contrary, we rely upon *Lartigue*. Since Mr. Beasley was not the owner of the helicopter and had not purchased it from Fairchild Hiller, we must hold that Louisiana would classify this particular implied warranty count as *ex delictual*. It was therefore barred after one year, American Ins. Co. v. Hartford Accident & Indemnity Co., La.Ct. of Appeals, 1st Cir., 1967, 198 So.2d 757.

■ For a third reason, appellant says that the action was not barred because the prescriptive period did not begin to run on the date of the crash, April 30, 1964, but commenced when he first discovered that he had a cause of action, August, 1965. There is a well defined line of cases, dealing with particular circumstances, in which it has been held that prescription runs from a time plaintiff knows or should have known that he has sustained damages. We are of the opinion however, that the applicable Louisiana law in this instance was set forth in American Ins. Co. v. Hartford Accident & Indemnity Co., supra, in which it was written

"It is well settled that all that is required for the commencement of run-

ning of prescription is 'the acquisition of sufficient information, which if pursued, will lead to the true condition of things'. Pachi v. Kammer, La. App., 130 So.2d 417. See also Reymond v. Sumrall, 67 So.2d 925, wherein this Court held as follows: 'The prescription commenced to run when the plaintiff had sufficient knowledge to put him on inquiry and on his guard to ascertain the true facts' ".

 Mr. Beasley had held a commercial pilot license since 1939. He was not a passenger at the time of the crash, but was the pilot. The crash had to be caused either by pilot error or mechanical failure. He knew, or should have known, whether his error caused the crash. If it did not, then he had to know that it was caused by some mechanical failure or deficiency in the aircraft. Therefore, in the words of American Ins. Co. v. Hartford Accident & Indemnity Co., he was in possession of sufficient information, which if pursued, would have led to the true condition of things. He cannot claim the benefit of the exception.

Finding no error in the judgment of the Court below, it is

Affirmed.