Robert **GRIFFIN**, Plaintiff,

v.

**SEABOARD COAST LINE RAILROAD COMPANY**, a Virginia corporation, Defendant.

*No. 69-598-Civ.*

United States District Court
S. D. Florida.

Dec. 9, 1969.

Sams, Anderson, Alper & Spencer, Miami, Fla., for plaintiff.

Scott, McCarthy, Steel, Hector & Davis, Miami, Fla., for defendant.

## SUMMARY JUDGMENT

FULTON, Chief Judge.

This is a diversity case in which the plaintiff is suing the Seaboard Coast Line Railroad Company for damages arising from the alleged negligent derailment of a Seaboard train upon which plaintiff was working as a pullman porter. Seaboard has moved for a summary judgment based upon the statute of limitations of the state where the accident occurred.

The complaint alleges that plaintiff was injured when the aforesaid accident occurred in Brundidge, Alabama, on March 24, 1968. Seaboard answered the complaint, asserting the affirmative defense of the statute of limitations. The complaint in this cause was filed May 16, 1969.

■ Seaboard has now moved for summary judgment, and has filed a photostatic copy of the Alabama Code, Title 7, § 26, which is as follows:

The following must be commenced within one year:

* * * Actions for any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated.

The Florida Uniform Judicial Notice of Foreign Law Act provides for judicial notice of the Statutes of other States. Fla.Statutes §§ 92.01, 92.031, F.S.A. When a cause of action arises out of state, Florida, by statute, will apply the statute of limitations of its sister state, if the action will thereby be barred:

When the cause of action has arisen in another state or territory of the United States, or in a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time, no action thereon shall be maintained against him in this state. Fla.Stat. § 95.10, F.S.A.

Finally, it should be pointed out that Florida follows the doctrine of lex loci delicti, the law of the place where the tortious act occurred. Hopkins v. Lockheed Aircraft Corp., 201 So.2d 743 (Fla. 1967); and Lescard v. Keel, 211 So.2d 868 (Fla.2d Dist.1968).

This case is similar to Beasley v. Fairchild Hiller Corp., 401 F.2d 593 (5 Cir. 1968), in which a summary judgment was granted a defendant being sued in Florida, because the action was barred by the applicable Louisiana statute of limitations.

The plaintiff has in no way opposed entry of this summary judgment, as required by Fed.R.Civ.P. 56(e). In its present posture this action is clearly barred as a matter of law by Ala.Code, Title 7, § 26. There remaining no genuine issue of any material fact, it is thereupon

Ordered and adjudged that the motion of the defendant, Seaboard Coast Line Railroad Company, for summary judgment pursuant to Fed.R.Civ.P. 56, be and the same is hereby granted.