**MICHELSON v. AEROVIAS NACIONALES de EQUADOR, et al.**
No. 71-17994.
Circuit Court, Dade County.
June 22, 1972.

Schweitzer & Greenspahn, Miami, for the plaintiff.

Richard J. Thornton of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for the defendant Air Carrier Engine Services, Inc.

FRANCIS X. KNUCK, Circuit Judge.

*Summary final judgment:* This cause came on for hearing pursuant to due notice whereupon it is ordered and adjudged as follows —

It appears from pleadings and affidavits on file in this cause that plaintiff's claim is barred by the passage of time. Plaintiff was injured in the crash of a C-47 aircraft, of which he was the pilot, shortly after lift off from Las Mercedes Airport at Managua, Nicaragua on September 18, 1968. This action was commenced by the filing of the complaint on September 17, 1971, a date one day short of three years after the accident.

Plaintiff's case is barred on two grounds. First, the Nicaragua statute of limitations, sometimes called prescription, is adopted by Florida's "Borrowing Statute" (F.S. §95.10). The Nicaraguan statute of limitations is set forth in §§868 and 869 of the Nicaraguan Civil Code. §915 of the Nicaraguan Code applies the one year period to the right to bring suit. Second, the cause of action itself was extinguished by the lapse of the same one year period as provided in the Code, §§902, 903 and 915. See Perry v. Lewis, 6 Fla. 555 (1856).

The cause of action arose in Nicaragua. Florida is committed to the rule that the law of the place where the cause of action arose applies to suits brought in the state of Florida. Hopkins v. Lockheed Aircraft Corp. 201 So.2d 743 (Fla. 1967). See also Messinger v. Tom, 203 So.2d 357 (Fla. App. 2, 1967); Lescard v. Keel, 211 So.2d 868 (Fla. App. 2, 1968); Ideal Structures Corp. v. Levine, 395 F. 2d 917 (5 Cir. 1968) and Beasley v. Fairchild Hiller Corp., 401 F. 2d 593 (5 Cir. 1969).

With respect to the question or issue of whether or not plaintiff's claim is time barred, there are no genuine issues of material fact and the defendant, Air Carrier Engine Services, Inc., is entitled to judgment as a matter of law.

Final summary judgment be, and the same is hereby entered in favor of the defendant, Air Carrier Engine Services, Inc., and with respect to said defendant, plaintiff shall take nothing by his complaint and said defendant shall go hence without day. Defendant shall recover costs, if any, to be taxed on appropriate motion.