PER CURIAM.
Frank Maraño allegedly incurred an asbestos injury in either New York or New *593 Jersey between the years 1943 to 1945, but, did not discover it until 1975. He did not file the instant suit in the State of Florida until 1979. Said suit was without the three year statute of limitations as provided for in the State of New York and without the two year statute of limitations as provided for in the State of New Jersey.
We find no error in the trial court’s awarding the defendants a summary judgment and applying the Florida Borrowing Statute of Limitations[1] to an injury alleged to have arisen in a foreign state which would be barred in said foreign jurisdiction by the applicable local statute of limitations. Calhoun v. Greyhound Lines, Inc., 265 So.2d 18 (Fla.1972); Lescard v. Keel, 211 So.2d 868 (Fla. 2d DCA 1968); Beasley v. Fairchild Hiller Corporation, 401 F.2d 593 (5th Cir.1968); DeVane v. United States, 259 F.Supp. 18 (D.Puerto Rico 1966); Compare: A-1 Truck Service, Inc. v. Kivenas, 371 So.2d 495 (Fla. 1st DCA 1979); Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975).
Therefore the summary judgment here under review is affirmed.

. Sec. 95.10 Fla.Stat. (1979) Causes of action arising out of the state. — When the cause of action arose in another state or territory of the United States, or in a foreign country, and its laws forbid the maintenance of the action because of lapse of time, no action shall be maintained in this state.