**Dean L. BRATT, Appellant,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.**

**No. 8067.**

United States Court of Appeals
Tenth Circuit.

May 25, 1965.

Jess A. Tolerton, Cheyenne, Wyo., for appellant.

Richard H. Seaton, Asst. Atty. Gen., of Kansas, Topeka, Kan. (Robert C. Londerholm, Atty. Gen., of Kansas, on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

The appeal is from an order, entered without a hearing, denying a petition for a writ of habeas corpus.

Appellant was sentenced in the District Court of Sedgwick County, Kansas, and is now confined in the Kansas State Penitentiary pursuant to that sentence. The Order of Dismissal appealed from shows that the dismissal was grounded upon petitioner's failure to allege that he had exhausted his post-conviction remedies under K.S.A. 60–1507. Counsel for appellant argues here that such remedies are inadequate and ineffective, with which argument we do not agree. For us to say that the statutory remedy is inadequate and ineffective, we would have to assume that the Kansas courts will construe the statute so as to make it inadequate and ineffective, which we will not do.

K.S.A. 60–1507 follows almost exactly the wording of 28 U.S.C.A. § 2255, which statute has been construed to be "the substantial equivalent of federal habeas corpus." Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

We agree with the trial court that appellant has not exhausted the remedies available to him in the courts of Kansas; and that he has failed to show that circumstances exist rendering such state process inadequate and ineffective.

Affirmed.