Petition of Marc **BARRY**, otherwise known as Marcel Barry Stern, for a Writ of Habeas Corpus.

Marcel Barry Stern, Appellant.

No. 16429.

United States Court of Appeals
Third Circuit.

Argued May 26, 1967.

Decided Jan. 18, 1968.

Joseph D. Maher, Jr., Newark, N. J., for appellant.

S. Philip Klein, Deputy Atty. Gen., Prosecutor's Office, Somerset County, Somerville, N. J. (Michael R. Imbriani, Deputy Atty. Gen., In Charge, Somerset County Prosecutor's Office, Somerville, N. J., for respondent-appellee, The State of New Jersey, on the brief), for appellee.

Before McLAUGHLIN, KALODNER and FREEDMAN, Circuit Judges

## OPINION OF THE COURT

KALODNER, Circuit Judge

Marc Barry is now serving consecutive terms in the New Jersey State prison of two to three years on his pleas of guilty to two counts of an indictment charging him with (1) "an act of lewdness or carnal indecency" with a young female, and (2) possession of "obscene and indecent pictures" with "intent to utter and expose" them to others, in violation of N.J.S. 2A:115–1, N.J.S.A. and N.J.S. 2A:115–2, N.J.S.A., respectively.

He appeals from an Order of the United States District Court for the District of New Jersey denying, without hearing, his petition for a writ of habeas corpus, which alleged, *inter alia*, that he was deprived of his federal constitutional rights when the New Jersey courts, as hereinafter detailed, erroneously admitted evidence (pictures of the lewd acts) which was acquired by the police in an illegal search and seizure, thereby compelling him to plead guilty because he "had only this choice to make."

The District Court in its Opinion [1] held that "it is not necessary to reach the merits of the question of an illegal search and seizure" in view of the fact that "Barry admits in his petition that his plea of guilty was voluntarily made and that he knowingly instructed his

counsel to plead guilty to the offenses for which he is now incarcerated", and, accordingly, his guilty plea "acts as a waiver of any defenses that might have been previously available to the Petitioner".[2]

On this appeal, Barry challenges this holding and further asserts that the District Court erred in failing to grant an evidentiary hearing upon his application for the habeas corpus writ in view of his allegations that (1) he was the victim of an illegal arrest, and (2) the photographic evidence against him was the product of an illegal search and seizure.

We do not reach the critical issues presented here for the reason that Barry has not exhausted the post-conviction remedy available to him in the New Jersey courts under the provisions of N.J.R.R. 3:10A–1 et seq. as he was required to do before presenting his petition for federal habeas corpus relief.

We will preface our discussion by this "case history" of the instant habeas corpus petition.

In Barry's petition he made these allegations:

On the morning of September 1, 1965, a detective of the Somerville, New Jersey police force came to Barry's photographic studio along with a 17-year-old girl, and demanded, under threat of arrest, production of pictures for which she had posed. Barry then gave the detective several sets of negatives; one of the sets pictured Barry exposed, standing behind the girl who was in a dance costume, blindfolded and holding a cardboard sign of obscene nature; the detective later obtained a search warrant and in its execution found photographs of nudes which "form the basis factually" for the indictment; prior to his arraignment Barry retained counsel who filed a motion in the Somerset County

---

1. The District Court's Opinion is unreported.

2. The District Court, in its Opinion, cited in support of its holding Scott v. United States, 231 F.Supp. 360, 362 (D.N.J. 1964), aff'd 342 F.2d 813 (3 Cir. 1965) where it was held that where one has

"voluntarily and understandingly" entered a plea of guilty to an indictment "the plea of guilty not only serves as a basis of his conviction but constitutes an admission of all nonjurisdictional facts alleged in the indictment and a waiver of all nonjurisdictional defects and defenses."

Court of New Jersey challenging the validity of the arrest and seeking suppression of the seized photographs; the motion was denied; an interlocutory review of the denial of the motion was sought in the Appellate Division of the Superior Court of New Jersey [3] which declined to hear the appeal; Barry then filed a "Motion For Leave to Appeal" in the Supreme Court of New Jersey which denied the motion "on the merits"; [4] thereafter prior to commencement of his trial, Barry, on application of his counsel, was granted permission to change his prior plea of not guilty to guilty and was sentenced to the terms he is now serving.

No appeal was taken from the judgment of sentence, nor did Barry take any other action in the New Jersey courts.

It must at this juncture be noted that the District Court was of the view that since Barry's motion to suppress the evidence had been "denied on the merits respectively by the Somerset County Court, the Appellate Division of the Superior Court and the New Jersey Supreme Court" he had "exhausted his remedies in the New Jersey courts on the issue of the legality of the search and seizure *per se*, Fay v. Noia, 372 U.S. 391 [83 S.Ct. 822, 9 L.Ed.2d 837] (1963)".

It must further be observed that the District Court did not consider in its opinion the availability to Barry of the remedy afforded by the New Jersey post-conviction statute and that neither Barry nor the State of New Jersey, either below or here, gave consideration to that statute.

■ Whether "available" state remedies have been "exhausted" is a threshold question in every case in which a state

prisoner seeks federal habeas corpus relief. United States ex rel. Romano v. Fay, 360 F.2d 389, 393 (2 Cir. 1966), cert. den. 385 U.S. 1020, 87 S.Ct. 725, 17 L.Ed.2d 557 (1967).

This Court has specifically held that "It is incumbent on federal courts to ascertain whether states afford an available remedy which has not yet been exhausted to correct an abuse of due process in the administration of their criminal laws". United States ex rel. Wilkins v. Banmiller, 325 F.2d 514, 519 (1963), cert. den. 379 U.S. 847, 85 S.Ct. 87, 13 L.Ed.2d 51 (1964).[5]

■ It is settled that where a state has a post-conviction statute providing for consideration of petitions alleging denial of federal constitutional rights the state courts should be afforded opportunity to act with respect to the alleged denial. Case v. State of Nebraska, 381 U.S. 336–337, 85 S.Ct. 1486, 14 L.Ed. 2d 422 (1965).

■ Further, a federal court will not assume that a state court will construe a state post-conviction statute "so as to make it inadequate and ineffective", Bratt v. Crouse, 346 F.2d 146 (10 Cir. 1965), cert. den. 382 U.S. 932, 86 S.Ct. 324, 15 L.Ed.2d 343.

With these principles in mind, we turn to an examination of the New Jersey "post-conviction procedure".

Effective January 2, 1964, the Supreme Court of New Jersey adopted as part of its "Rules Governing Criminal Practice in the Superior Court and County Courts" R.R. 3:10A–1 et seq., entitled "Post-Conviction Relief". These rules provide a method by which "[a]ny person convicted of a criminal offense may", under their terms, "file a peti-

---

3. State of New Jersey v. Barry, Order of the Superior Court of New Jersey, Appellate Division, February 4, 1966, Docket No. AM–188–65, Motion No. M–342–65, Before Part C.

4. State of New Jersey v. Barry, Order of the Supreme Court of New Jersey, March 15, 1966, M–218, September Term, 1965.

5. The rationale of the doctrine of the exhaustion of state remedies was spelled out

as follows in Fay v. Noia, 372 U.S. 391 at pages 419–420, 83 S.Ct. 822 at page 838, 9 L.Ed.2d 837 (1963).

"' * * * it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation * * *.' Darr v. Burford, 339 U.S. 200, 204, 70 S. Ct. 587, 94 L.Ed. 761."

tion for post-conviction relief captioned in the cause in which the conviction was entered with the county clerk of the county where the conviction took place." R.R. 3:10A–1. Among the grounds listed in R.R. 3:10A–2 which may be asserted in the petition is a "[s]*ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States* \* \* \*." R.R. 3:10A–2(a). Other provisions of the rules contemplate a hearing. See, R.R. 3:10A–11 & 3:10A–12. (emphasis supplied)

■ It is clear that Barry's allegations in his petition for a writ of habeas corpus, earlier detailed, amount to assertions of a "substantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States", within the specification of R.R. 3:10A–2.[6]

Barry has failed to exhaust the post conviction remedy available to him in New Jersey[7] and the Order of the District Court denying his petition for a writ of habeas corpus will be affirmed for that reason, and not on the grounds assigned by the District Court.[8]

Separate opinion by FREEDMAN, Circuit Judge.

I disagree with the majority's conclusion that appellant failed to exhaust a state court remedy available to him in New Jersey under its post-conviction procedure.

New Jersey Rule 3:10A–5 explicitly declares that a prior adjudication on the merits in any proceeding, including the proceedings resulting in the conviction, is a conclusive bar to any relief on that ground in post-conviction proceedings.[1]

Appellant at his trial moved to suppress the seized evidence and attacked the validity of his arrest. His motion was denied, and when he sought interlocutory review in the appellate division of the Superior Court of New Jersey the court declined to hear the appeal. He then filed a motion for leave to appeal to the Supreme Court of New Jersey, but the motion was denied "on the merits".

Appellant's present claim, as the majority opinion describes it, is that his federal constitutional rights were invaded when the New Jersey courts allowed the admission of evidence acquired by the police in an illegal search and seizure and thereby compelled him to plead guilty.

It therefore seems clear to me that the basis of appellant's present attack by federal habeas corpus on his conviction in New Jersey is the same as that which he presented to the New Jersey courts and which they held inadequate on the merits. Such a decision constitutes a "prior adjudication upon the merits", and under New Jersey Rule 3:10A–5 is "conclusive" in any post-conviction proceeding. I therefore believe that appellant should not be required to make a manifestly futile journey to the courts of New Jersey.

This leads to the question whether the district judge was correct in his view that the merits of the claim of an illegal search and seizure were irrelevant because appellant's plea of guilty, which he admitted was voluntarily made, constituted a waiver of any defenses which

---

6. In State v. Johnson, 43 N.J. 572, 206 A. 2d 737 (1965), aff'd 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) a coerced confession due to lack of counsel was considered on a post-conviction application.

7. As earlier pointed out, all of Barry's various proceedings in the New Jersey courts preceded his conviction which he chose not to appeal.

8. See Saxton v. Patterson, 370 F.2d 112 (10 Cir. 1966) ; Hunt v. Warden, Mary-

land Penitentiary, 335 F.2d 936 (4 Cir. 1964).

1. New Jersey Rule 3:10A–5 provides:
 "A prior adjudication upon the merits of any ground for relief shall be conclusive upon the parties whether the prior adjudication was made in the proceedings resulting in the conviction, in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken in such proceedings."

otherwise might have been available to him. Since the majority's view requires that the resolution of this question should be sought first from the state court, I express no opinion at this time on the merits.