UNITED STATES of America ex rel.
Henry L. ANDERSON H-6046,
Appellant,

v.

Alfred T. RUNDLE.

No. 17034.

United States Court of Appeals
Third Circuit.

Argued April 4, 1968.

Decided April 19, 1968.

Lenard H. Sigal, Philadelphia, Pa., for appellant.

Welsh S. White, Asst. Dist. Atty., Philadelphia, Pa., Michael J. Rotko, Asst. Dist. Atty., Chief, Appeals Div., Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief, for appellee.

Before KALODNER, GANEY and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This is an appeal from a District Court order denying a petition for a writ of habeas corpus for the reasons ably and clearly set forth in Judge Body's complete opinion of September 29, 1967. However, we affirm the District Court order for appellant's failure to exhaust the post-conviction remedy available to him under 19 P.S. § 1180–1 to 14, which has been effective since March 1, 1966, and not for the grounds in the September 29, 1967, opinion, which we need not consider.[1] See United States ex rel. Singer v. Myers, 384 F.2d 279 (3rd Cir. 1967), where Judge Kalodner said at page 284:[2]

"It was settled in Case v. State of Nebraska, supra [381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422] that where a state has a post-conviction statute providing for consideration of petitions alleging denial of federal constitutional rights that the state courts should be afforded an opportunity to act with respect to the alleged denial.

"It is further settled that a federal court will not assume that a state court will construe a state post-conviction statute 'so as to make it inadequate and ineffective'. Bratt v. Crouse, 346 F. 2d 146 (10 Cir. 1965), cert. den. 382 U.S. 932, 86 S.Ct. 324, 15 L.Ed.2d 343.

\* \* \* \* \* \*

"Whether 'available' state remedies have been 'exhausted' is a threshold question in every case in which a state prisoner seeks federal habeas corpus relief. [Citing cases.]"

1. It is noted that some of these grounds may be affected by the decisions of the Supreme Court of the United States in these cases which are now pending before it: Sibron v. New York (Oct. Term 1967), 389 U.S. 950, 88 S.Ct. 313, 19 L.Ed.2d 358; Terry v. Ohio, 389 U.S. 804, 88 S. Ct. 30, 19 L.Ed.2d 59 (Oct. Term 1967); Peters v. New York, 389 U.S. 950, 88 S. Ct. 317, 19 L.Ed.2d 359 (Oct. Term 1967).

2. We recognize that Judge Body did not have the *Singer* opinion available to him at the time he entered his September 1967 order, but note here that the policy clearly set forth in that opinion has been restated at least twice by this court in recent months. Petition of Barry, 388 F. 2d 592, 594–595 (3rd Cir. 1968); Fitzsimmons v. Yeager et al., 391 F.2d 849 (3rd Cir. Opinion. of 2/19/68). Also, it is noted that appellant stresses a difference between the testimony of a police officer at the hearing on the motion to suppress and that offered by him at the trial, so that it is appropriate for the state courts to be given an opportunity to resolve such difference.