George E. **BROWN**, Appellant,

v.

The **STATE OF NEW JERSEY**.

No. 16692.

United States Court of Appeals Third Circuit.

Argued Dec. 8, 1967.

Decided June 4, 1968.

John W. O'Mara, Saling, Boglioli & Moore, Eatontown, N. J., for appellant.

Thomas L. Yaccarino, Asst. County Prosecutor, Monmouth County, Freehold, N. J. (Vincent P. Keuper, Monmouth County Prosecutor, Freehold, N. J., on the brief), for respondent.

Before BIGGS, KALODNER and SEITZ, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

The relator, Brown, is presently serving a life sentence for first degree murder. He petitioned for habeas corpus in the court below and this was denied. He has appealed. The relevant facts are as follows: On October 1, 1951, at about 4 A.M., Brown was taken into custody and questioned by the New Jersey police. At that time he was seventeen years old. Later that day Brown was taken to another police station, where he was questioned for the first time about the murder of Jeremiah Delhagan. At about 11 P.M. he confessed to his involvement in the murder. He was kept in police custody and on the following day was given a preliminary hearing, without counsel, at which it was determined that he should be held for action by the grand jury. The State of New Jersey then filed a petition against Brown in the Monmouth County Juvenile Court which has exclusive jurisdiction over juveniles. See N.J.S. 2A:4–14, N.J.S.A. The following day the Juvenile Court found the offense charged to be of a heinous nature and referred the matter to the Prosecutor of Monmouth County for indictment and prosecution in the state criminal courts. This waiver of jurisdiction by the Juvenile Court was ordered without a hearing. It was done pursuant to the then existing Laws of New Jersey, 1948, ch. 284, pp. 1191–1192,[1] which read: "If it shall appear to the satisfaction of the court [Juvenile & Domestic Relations Court] that the case of any person between the ages of sixteen and eighteen years should not be dealt with by the court, either because of the fact that the person is an habitual offender, or has been charged with an offense of a heinous nature, under circumstances which may require the imposition of a sentence rather than the disposition permitted by this chapter for the welfare of society, then the court may refer such case to the prosecutor of the pleas of the county wherein the court is situate."

Brown was subsequently indicted and at his trial the judge found, after a hearing held in front of the jury,[2] that his confession was voluntary and admissible.[3] The jury returned a verdict of

---

1. The language of this chapter was revised in December, 1951, effective January 1, 1952 which, as revised, appears at N.J.S. 2A:4–15, N.J.S.A. implemented by N.J.R.R. 6:9–7(a) and N.J.R.R. 6:9–1 which give the juvenile the right to a hearing with counsel before transfer by the Juvenile Court to the prosecutor.

2. Brown raised in the court below the contention that this procedure denied him due process of law. The district court held that Brown had failed to present the issue to the New Jersey courts and consequently had not exhausted his state remedies. Brown does not contest that finding on this appeal.

3. In his supplemental brief filed in this court, the relator contends that he did not receive a full hearing as to the voluntariness of his confession. We affirm the court below in its holding that, in the circumstances at bar, Brown's contentions that at the time he gave his confession he was denied assistance of counsel and that he was not informed of his right to remain silent are insufficient to require a reexamination of the issue of the voluntariness of his confession. Brown's other contentions raised in his supplemental brief in this court regarding the failure of the trial court to afford him a full hearing on the issue of voluntariness were

First Degree Murder and relator was sentenced to life imprisonment on December 19, 1951. His conviction was affirmed on appeal, State v. Vaszorich, 13 N.J. 99, 98 A.2d 299 (1953) and certiorari was denied by the United States Supreme Court, Vaszorich v. New Jersey, 346 U.S. 900, 74 S.Ct. 219, 98 L.Ed. 400 (1953).

Two major issues are raised by this appeal. The first is whether the relator is entitled to relief under Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). In Kent, as in the instant case, the District of Columbia Juvenile Court waived its jurisdiction without a hearing. The only requirement of the District of Columbia statute was a "full investigation" before such a waiver. The waiver order stated that it was made after "full investigation". In the district court Kent moved to dismiss the indictment on the ground that the Juvenile Court's waiver was invalid. The district court overruled the motion and Kent was subsequently convicted of housebreaking and robbery. His conviction was affirmed by the Court of Appeals for the District of Columbia.

119 U.S.App.D.C. 378, 343 F.2d 247. The United States Supreme Court reversed. The Court found that the waiver procedure was critically important in that the juvenile lost several rights and immunities that come from being within the exclusive jurisdiction of the Juvenile Court. The Supreme Court held that "[T]here is no place in our system of law for reaching a result of such tremendous consequences without ceremony —without hearing, without effective assistance of counsel, without a statement of reasons." [4] The case was therefore remanded to the District Court for the District of Columbia [5] for a hearing on whether there had been a proper waiver of Juvenile Court jurisdiction.

The applicability of Kent v. United States to the facts in the case before us has never been decided by the New Jersey courts. The decision of the Supreme Court was handed down in 1966, subsequent to Brown's post conviction proceedings in the state courts.[6] Nor has this issue been decided by the courts of New Jersey in any other case.[7]

not raised in the court below. Consequently we do not pass on those contentions.

Relator also urges in his supplemental brief in this court that the Juvenile Code forbids the introduction of any statement made by him before official transfer by the Juvenile Court to the prosecutor and that for this reason this confession is inadmissible. Relator does not appear to have raised this claim in the court below, or more importantly, in the state courts. The claim is therefore not properly before us due to lack of exhaustion of state remedies especially since the issue presented is, in the first instance, one of state law.

4. Kent at 554, 86 S.Ct. at 1053. Mr. Justice Fortas when discussing Kent in In re Gault, 387 U.S. 1, 30, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), quotes this sentence.

5. As in the instant case, Kent was no longer a juvenile when the Supreme Court remanded his case. The remand was not to the District of Columbia Juvenile Court.

6. Petitioner's last petition in the state courts was filed in the Monmouth County Court in 1965. Petitioner filed the present petition in the District Court on November 1, 1965. It was pending when Kent was decided on March 21, 1966. Earlier post conviction proceedings brought by Brown need not be set out or discussed in this opinion.

7. See Tehan v. United States ex rel. Shott, 382 U.S. 406, 409, n. 3, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966), where the United States Supreme Court decided a question of retroactivity without requiring exhaustion noting that the state Supreme Court had already decided the question in another case. See Linkletter v. Walker, 381 U.S. 618, 621, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), where the Supreme Court, before determining the question of retroactivity, indicated that the petitioner had exhausted his state remedies.

Furthermore the United States Supreme Court has not had occasion to apply Kent in any other case involving waiver of juvenile court jurisdiction.[8] Assuming *arguendo* that the principle of Kent is applicable here another issue immediately arises, undecided by any court, as to whether the principle of Kent should be applied retroactively. We point out that the New Jersey State courts might apply the doctrine of retroactivity where Federal tribunals might have to refuse to apply it. We think it cannot be successfully maintained that New Jersey has not a real and vital interest in the determination of these issues.[9] We hold, pursuant to 28 U.S.C. § 2254, that Brown must present these issues to the New Jersey State courts [10] and exhaust all state remedies, note 3, supra, before he is entitled to have them adjudicated by the courts of the United States. Our position we think is somewhat fortified by the decision in In the Matter of Whittington, 391 U.S. 341, 88 S.Ct. 1507, 20 L.Ed.2d 625 (1968).

The judgment of the court below will be affirmed.

8.  In Miller v. Rhay, 384 U.S. 892, 86 S.Ct. 1920, 16 L.Ed.2d 997 (1966), the question of the retroactive application of Kent to a state juvenile court waiver was presented but the Court remanded without reaching the issue because the state, in Dillenburg v. Maxwell, Wash., 413 P.2d 940 (1966), cert. denied, 386 U.S. 998, 87 S.Ct. 1320, 18 L.Ed.2d 348 (1967), subsequent to the granting of certiorari in Miller v. Rhay, supra, had construed its statute to require the procedure adopted in Kent.

9.  The case at bar therefore is distinguishable from the Supreme Court's decision in Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967).

10. Whether petitioner will be barred from raising these issues in New Jersey by N.J.Crim.Practice Rule 3:10A-13:
    "No petition shall be filed pursuant to this rule more than 5 years after rendition of the judgment or sentence sought to be attacked, or more than 3 years after the effective date of this rule, whichever shall be later, unless the petition alleges facts showing that the delay beyond said time was due to defendant's excusable neglect; except that a petition to correct an illegal sentence may be filed at any time."
    is a question for the state to decide. It cannot be assumed that the New Jersey courts will not hold that the petitioner comes under the excusable neglect exception to the limitation. See Petition of Barry, 388 F.2d 592-594 (3 Cir. 1968) in which it was stated: "Further, a federal court will not assume that a state court will construe a state post-conviction statute 'so as to make it inadequate and ineffective' * * * Bratt v. Crouse, 346 F.2d 146 (10 Cir. 1965), cert. den. 382 U.S. 932, 86 S.Ct. 324, 15 L.Ed.2d 343."
    Also, we cannot assume that the petitioner will be barred by Rule 3:10A-5. See State v. Cerce, 46 N.J. 387, 217 A. 2d 319 (1966); State v. Johnson, 43 N.J. 572, 206 A.2d 737 (1965).