Richard Dale EDWARDS

v.

Dr. George J. BETO, Director, Texas
Department of Corrections.

Civ. A. No. CA 3–3055.

United States District Court,
N. D. Texas,
Dallas Division.

Sept. 4, 1970.

C. L. Mike Schmidt, with Akin, Vial, Hamilton, Koch & Tubb, Dallas, Tex., for petitioner.

Howard Fender, Asst. Atty. Gen. of Texas, Austin, Tex., for respondent.

## ORDER AND MEMORANDUM OF DECISION DENYING PETITION FOR HABEAS CORPUS

WILLIAM M. TAYLOR, Jr., District Judge.

The above styled and numbered cause was heard in open court on the 17th day

of April, 1970, the parties hereto being represented by counsel.

Petitioner alleges that due to the totality of the surrounding circumstances the trial court should have found his confession to be involuntary. He also alleges that the record does not indicate the trial judge found his confession to be voluntary beyond a reasonable doubt.

On the morning of June 6, 1965, petitioner voluntarily surrendered himself by walking into the police station in Ennis, Ellis County, Texas, after hearing on the radio that he was wanted for murder of his four month old child. The child was killed the night before, June 5, 1965.

The record shows that the petitioner had a superficial stab wound in the chest when he surrendered himself and that he was treated by a doctor that day in the Ennis Municipal Hospital. He was released by the doctor for his transfer to Dallas County by the Grand Prairie police. The doctor recommended that he be taken to Parkland Hospital for a more complete checkup. Upon arrival in Dallas he was taken to the Dallas County jail where he gave the officers a statement in which he admitted stabbing his child, his wife, and himself. The statement was signed by the petitioner and recited the warnings given petitioner, i. e., "After I have been duly warned by J. C. Murdock that I do not have to make any statement at all, that any statement I make may be used in evidence against me on the trial for the offense concerning which this statement is herein made, I wish to make the following voluntary statement: I have been advised of my right to counsel with an attorney and I waive that right at this time. * * *."

After obtaining the statement, the officers "booked" the petitioner and took him to Parkland Hospital for the recommended checkup on his chest wound. He was then returned to the Dallas County jail.

Petitioner was convicted of murder with malice in the Dallas County Criminal District Court and sentenced to two years to life imprisonment. Petitioner failed to appeal his conviction but has subsequently exhausted his state remedies under Vernon's Ann.Tex.Code Crim.Procedure Ann. Art. 11.07 (1966). Therefore, petitioner's application for the Great Writ is properly before this Court. 28 U.S.C. § 2254.

Petitioner's first allegation concerns itself with the circumstances surrounding his confession, which he maintains compel the court to find that his confession was involuntary. The first such circumstance is that the petitioner wasn't taken before a magistrate after his arrest as required by Tex.Code Crim.Procedure Ann. Art. 14.06 (1966). The failure to take an arrested individual before a magistrate does not, in and of itself, render a confession made by him inadmissible. The burden is upon the defendant to show that under Texas law a delay in the arraignment process renders the confession acquired during the delay inadmissible as a matter of law. Webb v. Beto, 415 F.2d 433 (5 Cir. 1969), cert. denied, 396 U.S. 1019, 90 S. Ct. 587, 24 L.Ed.2d 511 (1970). This court cannot say that the finding of the trial court was erroneous.

Petitioner also alleges other illegalities in the arrest. Specifically he complains that he was never taken before a magistrate in Ellis County, in violation of Tex.Code Crim.Procedure Ann. Articles 15.16 and 15.18 (1966). Additionally, he asserts that Tex.Code Crim. Procedure Ann. Art. 15.26 was violated because he was never shown a copy of the warrant. Illegality of an arrest is insufficient as grounds for relief unless he can in some way show that it deprived him of a fair trial. Brooks v. Smith, 429 F.2d 1281 (5 Cir. July 6, 1970). This court does not find any causal connection between these alleged irregularities and the issue of the voluntariness of the confession to the point where it deprived the petitioner of a fair trial. "It is the illegal detention in certain circumstances which will vitiate

a confession, not the illegal arrest and subsequent detention in every case." Smith v. Heard, 315 F.2d 692, 694 (5 Cir. 1963) cert. denied 375 U.S. 883, 84 S.Ct. 154, 11 L.Ed.2d 113 (1963).

■ Petitioner alleges that other facts also contributed to the involuntariness of the confession. He specifically points out that he continually wanted to see a lawyer, that he was told he could see his baby if he gave the officers a statement, and that in spite of his demands he was never shown the warrant for his arrest. These facts are all controverted to some extent in the record. This court cannot say that the conclusion of the State Court trial judge as to the voluntariness of the confession was irrational or clearly erroneous in light of the controversial nature of the above alleged facts. United States ex rel. Anderson v. Rundle, 274 F.Supp. 364 (E.D. Pa.1967), aff'd 393 F.2d 635 (3 Cir. 1968).

■ Petitioner next alleges the court erred by not submitting the issue of voluntariness to the jury. There is no constitutional requirement that the issue need be sent to the jury, all that is required is that the trial court make an independent determination of the voluntariness. United States v. Anderson, 394 F.2d 743 (2 Cir. 1968); Caton v. United States, 407 F.2d 367 (8 Cir. 1969) cert. denied 395 U.S. 984, 89 S.Ct. 2149, 23 L.Ed.2d 773 (1970).

■ Finally, the petitioner alleges that there is no indication in the record that the trial judge found the confession to be voluntary beyond a reasonable doubt as required in Fernandez v. Beto, 281 F.Supp. 207 (N.D.Tex.1968). At the time the State tried Fernandez it was unclear as to exactly what type of determination the trial judge normally made when confronted with a confession.

"Without labeling the Texas procedure as the equivalent of either the New York or Massachusetts procedures (as such are labeled in Jackson), an exam-ination of the pertinent Texas cases reveals that it is within the discretion of the trial judge to determine which of these two procedures he will follow." Smith v. Texas, 236 F.Supp. 857, 861 (S.D.Tex.1965)

It was unclear from the record in *Fernandez* whether the judge used the New York rule, which of course was declared unconstitutional in Jackson v. Denno, 378 U.S. 368, 85 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

"Under that rule, the judge is not permitted to resolve conflicting evidence or arrive at his own independent appraisal of the question of voluntariness of a confession, but he must, instead, leave the determination of that question entirely up to the jury. * * * " Hackathorn v. Decker, 369 F.2d 150, 154 (5 Cir. 1966), cert. denied 389 U.S. 940, 88 S.Ct. 301, 19 L. Ed.2d 294.

The only two procedures remaining are the Massachusetts rule and the orthodox or Wigmore rule. In Lopez v. State, 384 S.W.2d 345 (Tex.Cr.App. 1964), the Texas Court of Criminal Appeals seemed to be prescribing the use of the Massachusetts rule where the trial judge must come to a conclusion either that the confession was voluntary or that it was involuntary. The trial judge can no longer come to a conclusion that there is a question as to whether or not the confession was voluntarily given or whether reasonable minds could differ as to its voluntariness and then send the issue to the jury as he could under the old New York rule. Under the Massachusetts procedure he is no longer able to harbor any doubts and then let the jury decide, he must come to a determination himself beyond all reasonable doubts as to its voluntariness, for if he does have such doubts he cannot make a finding of voluntariness and admit it into evidence.

Once this determination is made, then the judge can, upon the request of the defendant, submit the issue to the jury.

Lopez v. State, supra, p. 348. It appears that the requirements of Jackson v. Denno were met in this case.

In summary, this court finds that the determinations made by the State Court to be without any error of constitutional proportions and that the petitioner is currently in the custody of respondent consistent with the Constitution, laws, and treaties of the United States. The petition is hereby denied, and it is so ordered.