**Roy Edward GOTCHER, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 31117.**

United States Court of Appeals,
Fifth Circuit.

June 21, 1971.

Garland P. Andrews, Dallas, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen., Roland Daniel Green, III, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.

Before AINSWORTH, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

This appeal is taken from the denial without an evidentiary hearing of a petition for the writ of habeas corpus filed by petitioner-appellant Roy Edward Gotcher.

Petitioner entered pleas of guilty in four felony cases in the Criminal District Court No. 4 of Dallas County, Texas, being three cases of robbery by assault and one case of breaking and entering a motor vehicle. He was sentenced to 35 years on each robbery conviction and 3 years on the breaking and entering conviction, the sentences to run concurrently. No appeal was taken.

Petitioner first prosecuted his petition for the writ of habeas corpus in the state court in which he was convicted pursuant to Art. 11.07, Texas Code of Criminal Procedure. After a full plenary hearing, the state court denied his petition.

Petitioner then filed his petition for the writ of habeas corpus in the court below, alleging substantially the same grounds. The district court denied the petition upon the record made in the state court hearing.

This appeal raises the following issues:

1. Whether the plea of guilty was involuntary;

2. Whether appellant was denied the effective assistance of counsel;

3. Whether the court below erred in denying relief without a hearing on the basis of the state court evidentiary hearing.

■ We will first dispose of Issue No. 3. The practice in federal courts of adjudicating petitions for the writ of habeas corpus upon the record of testimony made in a state court proceeding is an authorized and proper procedure if the state court proceeding meets the standards promulgated by Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1962). We hold that the state court proceeding meets such standards and that the district court acted within its authority in relying and acting upon the record of testimony made in the state court habeas corpus proceeding.

As to Issues Nos. 1 and 2, we are in agreement with the findings of fact and thoroughly well reasoned conclusions of the district court appended hereto.

The judgment of the district court is affirmed.

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

ROY EDWARD GOTCHER,
#191,119,
Petitioner,

CIVIL ACTION
versus    No. 3–3080–C

DR. GEORGE J. BETO, Director, Texas Department of Corrections,
Respondent.

## MEMORANDUM ORDER DENYING WRIT OF HABEAS CORPUS

Filed: Nov. 16, 1970

The petitioner in his application for a writ of Habeas Corpus alleges that his detention pursuant to several convictions in the state court is illegal because his guilty pleas were coerced and involuntary.

On September 22, 1966 the petitioner pled guilty to the following cases in Criminal District Court No. 4 of Dallas County, Texas: C–66–2825–KL, breaking and entering a motor vehicle; C– 66–3379–KL, C–66–3380–KL, and C–66– 3381–KL, all robbery. The petitioner was sentenced to thirty-five years for each robbery conviction and three years for the breaking and entering of a motor vehicle. All sentences were concurrent. No appeal was taken.

On August 22, 1968, the petitioner filed a writ of Habeas Corpus in Criminal District Court No. 4 of Dallas County, Texas, pursuant to Tex.Code Crim.P. Ann. Art. 11.07 (1966). In that writ, the petitioner raised substantially all of the issues he now raises. On April 25, 1969, an evidentiary hearing was held in Criminal District Court No. 4 of Dallas County, Texas. Findings of Fact and Conclusions of Law were submitted to the Court of Criminal Appeals by the trial judge in which he found that the petitioner's confinement was in all respects legal.

On March 26, 1969, a writ of Habeas Corpus was filed by the petitioner in this court. The case was abated until such time as the Texas Court of Criminal Appeals acted upon the writ in the state court. On May 12, 1970, the Court of Criminal Appeals denied the application for the writ without written order on the findings of the trial court.

In this application for the writ the petitioner alleges that he was deprived of the guiding hand of counsel before and during interrogation by the arresting officers; that the arresting officers beat him in an attempt to obtain a confession; that he was deprived of counsel during plea bargaining, and was deprived of the effective assistance of counsel during the trial; that he was deprived of counsel of his own choosing; and that the cumulative impact of the totality of these circumstances resulted in non-voluntary pleas of guilty.

The evidentiary hearing held by the state court has revealed the following facts. In June, 1966, the petitioner was arrested for breaking and entering a motor vehicle. He was released on bond and a Mr. Joe McNicholas, a local attorney, was a second surety on the bond. Mr. McNicholas was also noted as the

attorney of record on the Court's docket sheet. He testified that he had discussed representing the petitioner on that charge and that he set a fee which included both the cost of the bond and his fee for the case. He stated that the petitioner had begun paying him for the bond but never paid anything on the professional fee. About July 15, 1966, Mr. McNicholas went into the hospital and remained there until the end of September. On August 17, 1966, the petitioner's case was passed at his request. On August 16, 1966, the petitioner was arrested on the robbery charges and put back in jail.

Some time between August 16, 1966 and September 22, 1966, he was visited in the jail on two occasions by a representative of the District Attorney's office. The substance of their conversations was that if the petitioner would plead guilty the District Attorney's office would recommend concurrent thirty-five year sentences. An attorney, Mr. Paul Underkofler, was appointed to represent the petitioner on September 22, 1966, the day he went to trial and pled guilty.

Petitioner alleges that his pleas of guilty were involuntary. He states that once he decided to plead guilty and accept the preferred sentences the deal had already been made and the "cards were stacked against him." He also states that his appointed attorney told him to plead guilty, so he complied. These facts, he alleges, also amount to a denial of the effective assistance of counsel during plea bargaining and at his trial. In addition, petitioner states that he was deprived of the counsel of his choice, Mr. Joe McNicholas, and was also initially without counsel when police officers interrogated him and beat him in their efforts to secure a confession. The totality of all of these circumstances resulted in an involuntary plea of guilty, he submits.

The Court will first address itself to the adequacy of counsel question. Under the test annunciated in Lamb v. Beto, 423 F.2d 85, 87 (5th Cir. 1970),

the Court cannot say that appointed counsel's assistance was ineffective. Judge Tuttle in that case said,

"Obviously, more would be required if the plea had not been guilty for some duty might have arisen to support this plea. However, it appears that the only required duty of counsel under the most liberal construction when a plea of guilty is entered is that counsel (the court now under rule 11) should ascertain if the plea is entered voluntarily, and knowingly."

The petitioner's counsel, even though he could not specifically recall having represented the petitioner, stated that he never allowed anyone to plead guilty if the accused intimated that he was not in any way guilty of the offense. If such were the case, he said he would enter a plea of not guilty and go to trial on the merits. He related that he normally makes sure the accused knows what he is doing and what the consequences of the guilty plea will be. In this case, he said that he thought the thirty-five year sentences would be good sentences "if the facts were such that it would probably show him to be guilty." In light of the fact that the petitioner's testimony at the state court hearing was at least indirectly contradicted by his appointed counsel, this court cannot say that the state court's finding that the petitioner was adequately represented is clearly erroneous. Tyler v. Beto, 391 F.2d 993 (5th Cir. 1968); United States ex rel. Anderson v. Rundle, 274 F.Supp. 364 (E.D.Pa.1967), aff'd 393 F.2d 635 (3d Cir. 1968).

While this court does not approve of the practice of a member of the District Attorney's office visiting the petitioner without the petitioner's counsel being present (unless he waives having counsel present), it does not appear that this fact made the petitioner's guilty plea involuntary. Petitioner testified that the District Attorney's "cop-out man", Mr. Tucker, told him that he didn't need an attorney and that he threatened him with a life sentence as an habitual if he didn't plead guilty. Mr. Tucker, in his

testimony denied the same. Again, because of the controversial nature of the testimony on this point, we cannot say that the trial court's finding here was clearly erroneous. Tyler v. Beto, *supra.* Even if the petitioner were motivated to plead guilty because he might have faced a life sentence if he pled not guilty and went to trial, this is not such a circumstance as would invalidate the guilty plea. A guilty plea is not rendered invalid solely because it is the result of a plea bargaining situation. Eason v. Beto, 5th Cir. 1970, 434 F.2d 240; Parrish v. Beto, 414 F.2d 770 (5th Cir. 1969).

The court cannot say that the petitioner was deprived of his choice of counsel. Mr. McNicholas was in the hospital for more than two months at the time petitioner was convicted. Petitioner had made no specific demand that his case be continued until Mr. McNicholas was well enough to represent him. The Criminal Court did not err by appointing counsel in this situation. Even if it were an error, a plea of guilty entered voluntarily and understandingly waives all prior nonjurisdictional defects. White v. Gnann, 422 F.2d 1306 (5th Cir. 1970).

■ Petitioner argues that as a result of the totality of the circumstances his plea was not voluntary. The petitioner's appointed attorney testified that he instructed the petitioner as to the consequences of his guilty pleas and would not have allowed him to plead guilty if he in any way asserted he was innocent. The record also reflects that the trial judge questioned and was satisfied that all of petitioner's guilty pleas were voluntary. The hearing in the state court was full and fair. Its findings and conclusions are not clearly erroneous.

The application for the Writ of Habeas Corpus is therefore denied.

Signed and entered this 16th day of November, 1970.

/s/ W. M. TAYLOR, JR.

UNITED STATES
DISTRICT JUDGE