446 F.2d 1357
 Robert FARMER, Petitioner-Appellant,
v.
Dr. George J. BETO, Director, Texas Department of
Corrections, Respondent-Appellee.
No. 71-1338 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of N.Y. et al., 431 F.2d 409 (5th Cir.
1970), Part I.
 United States Court of Appeals, Fifth Circuit.
 Aug. 16, 1971.
 
 Robert Farmer, pro se.
 Crawford C. Martin, Atty. Gen. of Texas, Charles R. Parrett, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., for respondent-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the district court denying the petition of a Texas state prisoner for the writ of habeas corpus. We affirm.
 
 
 2
 Farmer is serving a life sentence for rape, having been convicted upon his plea of guilty. In his petition for habeas corpus, Farmer alleged that his privately-retained trial counsel was ineffective because he allowed appellant to plead guilty when the state was requesting the death penalty, because he presented no defense, and because he did not advise appellant of his appellate rights. The district court denied the writ for failing to assert facts which, if true, would entitle him to relief.
 
 
 3
 In a prior appeal from a denial of an earlier habeas petition this Court affirmed the lower court's findings that Farmer's confession and guilty plea were 'freely and voluntarily given and were not the result of threats, promises, or coercion.' Farmer v. Beto, 421 F.2d 184, 185 (5th Cir.1969).
 
 
 4
 The guilty plea being voluntary, appellant has no standing to complain that the state sought the death penalty. The transcript of the evidentiary hearing held in the state court on the issue of voluntariness reveals testimony by counsel that he discussed the case with Farmer, explained the elements of the offense and possible defenses, and that he was satisfied that the guilty plea was voluntary. Having so concluded, counsel fulfilled the duty required of him. Gotcher v. Beto, 444 F.2d 696 (5th Cir.1971); Lamb v. Beto, 423 F.2d 85 (5th Cir.1970).
 
 
 5
 The gravamen of Farmer's complaint, however, is that his counsel rendered him ineffective assistance after his voluntary plea of guilty. Specifically, he argues that his counsel withdrew from the case after the plea and never advised him of his right of appeal. It is difficult to discern any prejudice flowing to Farmer from this alleged ineffective assistance. Upon what grounds would he appeal after a plea of guilty? See Giles v. Beto, 437 F.2d 192 (5th Cir.1971). In any case, Farmer did not fulfill the requirements necessary to show a denial of counsel for purposes of appeal. These requirements are particularized in Scarborough v. Wainwright, 404 F.2d 318 (5th Cir.1968) and Beto v. Martin, 396 F.2d 432 (5th Cir.1968). Farmer also argues that these requirements-- imposed only when a defendant is represented at trial by retained counsel-- are irrational and violate due process and equal protection. We find this contention to be without merit. See Edge v. Wainwright, 347 F.2d 190 (5th Cir.1965); Pate v. Holman, 341 F.2d 764 (5th Cir.1965). The judgment of the district court is
 
 
 6
 Affirmed.