John A. BRAXTON, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Respondent-Appellee.

No. 72–3518

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1973.

John A. Braxton, pro se.

Robert L. Shevin, Atty. Gen., Arnold Ginsberg, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Braxton's petition for habeas corpus relief from his Florida conviction and sentence was denied by the court below, and he appeals. The sole question raised, the claim of knowing use by state officials of perjured testimony at his trial, had been decided adversely to petitioner-appellant at a full evidentiary hearing by his trial court. The District Court of Appeals of Florida affirmed the trial court on appeal.

The federal habeas petition was denied by the court below without evidentiary hearing, on the basis that an adequate hearing on the state level satisfied the requirements of Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, as applied by us in Gotcher v. Beto, 5 Cir. 1971, 444 F.2d 696; Bretti v. Wainwright, 5 Cir. 1971, 439 F.2d 1042; and Tyler v. Beto, 5 Cir. 1968, 391 F.2d 993.

Objection was not made below to the completeness or the fairness of the state court hearing and resultant findings of fact. Rather the petitioner disagreed

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al, 5 Cir. 1970, 431 F.2d 409, Part I.

factually with the result. The district court correctly noted that the state court's findings of fact were presumptively correct, Title 28, U.S.C. Sec. 2254, and refused to disturb them.

It was not error to deny habeas relief sought solely on the basis of a dispute as to the facts found.

Affirmed.