**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0982-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TIMOTHY M. RIGOLI,

    Defendant-Appellant.

_____

Submitted November 16, 2021 – Decided February 8, 2022

Before Judges Fisher and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Accusation No. 17-03-0212.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Kaila L. Diodati, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from his sentence following a guilty plea. Because he was deprived of his right to allocution during the sentencing hearing, we vacate the sentence. On remand, the trial judge should consider the youth mitigating factor, N.J.S.A. 2C:44-1(b)(14) and conduct an ability to pay hearing to set the restitution amount.

Defendant was charged with committing ten first-degree armed robberies, N.J.S.A. 2C:15-1(a)(1) and (2), which occurred in October 2015. He was twenty-two at the time of the offenses. He pleaded guilty to four of the counts under an accusation.

During the sentencing hearing, the court found aggravating factors three, six, and nine, N.J.S.A. 2C:44-1(a)(3), (6), (9), and mitigating factors nine and twelve, N.J.S.A. 2C:44-1(b)(9), (12). The court sentenced defendant in accordance with the plea agreement to twelve years' imprisonment for each count, to run concurrently, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. In addition, the court imposed the restitution amount established under the plea agreement—$13,461. The court stated the restitution was "being ordered in accordance with the terms of the [p]lea [a]greement. That was done voluntarily." He was awarded jail credits of 537 days.

On appeal, defendant presents two points for our consideration:

A-0982-19

POINT I

THIS COURT SHOULD REMAND FOR RESENTENCING FOR THE TRIAL COURT TO RECONSIDER DEFENDANT'S SENTENCE BASED ON THE NEW MITIGATING FACTOR, "THE DEFENDANT WAS UNDER 26 YEARS OF AGE AT THE TIME OF THE COMMISSION OF THE OFFENSE." N.J.S.A. 2C:44-1[(b)](14). THE TRIAL COURT ALSO ERRED IN ITS FINDINGS OF MITIGATING FACTORS AND FOR FAILING TO HOLD AN ABILITY TO PAY HEARING.

POINT II

THE MATTER MUST BE REMANDED FOR RESENTENCING BECAUSE THE COURT VIOLATED DEFENDANT'S RIGHT TO ALLOCUTION. IN ADDITION, DEFENDANT IS OWED ONE DAY OF JAIL CREDIT FOR THE DATE THAT HE WAS ARRESTED.

In assessing defendant's arguments regarding his sentence, we apply well settled principles that afford considerable deference to sentencing judges. As a general proposition, we do not substitute our judgment for that of the sentencing court, unless the application of the sentencing guidelines to the facts "make[s] the sentence clearly unreasonable so as to shock the judicial conscience." State v. Roth, 95 N.J. 334, 364-65 (1984).

The Legislature recently added a fourteenth factor to the list of mitigating factors a court must consider when imposing a criminal sentence: "The

defendant was under [twenty-six] years of age at the time of the commission of the offense." N.J.S.A. 2C:44-1(b)(14). Defendant contends the new factor should be applied to him retroactively and he is entitled to a resentencing hearing because of the statutory amendment.

In State v. Tormasi, 466 N.J. Super. 51, 67 (2021), we considered and rejected defendant's argument, holding the amended statute was not entitled to retroactivity. We stated that the new youth sentencing factor "would not provide a basis for relief because the factor is part of the weighing process, which relates to the issue of excessiveness, not legality." Ibid. Therefore, the newly amended statute does not afford an independent ground to warrant resentencing. See State v. Bellamy, 468 N.J. Super. 29, 48 (App. Div. 2021).

However, if there is an independent error in the original sentencing hearing that requires resentencing, we have stated the new mitigating youth factor should be considered on remand during the new sentencing hearing. Ibid. As we stated in Bellamy,

> This is not intended to mean cases in the pipeline in which a youthful defendant was sentenced before October 19, 2020, are automatically entitled to a reconsideration based on the enactment of this statute alone. Rather, it means where, for a reason unrelated to the adoption of the statute, a youthful defendant is resentenced, he or she is entitled to argue the new statute applies.

4

[Ibid.]

Therefore, we turn to defendant's additional arguments regarding his sentence.

Defendant contends the trial court violated his right to allocution under Rule 3:21-4(b) when the court did not ask him if he wished to speak, even after defendant directly asked the judge to do so.  We lay out the sequence of events during the May 19, 2017 sentencing hearing for clarity.

When the hearing began, defense counsel inquired of the judge whether he had received defendant's letter.  The judge responded: "I received a lot of letters actually, not only from your client but from others in the past that were written, I guess, last year at some point.  And, I have reviewed them, of course."  The colloquy continued:

> [DEFENSE COUNSEL]: Judge, and with that, we would move for sentencing.  And, I think the letter that he sent was a heart felt letter.
>
> THE COURT: It certainly was.
>
> [DEFENSE COUNSEL]: This entire criminal episode took about 30 days, and it's 30 days which has changed his life.  He knows he has to do the sentence.  I think he is a changed person—
>
> [DEFENDANT]: Can I speak (indiscernible).
>
> [DEFENSE COUNSEL]: And, I would ask the court to sentence in accordance with the terms of the plea agreement.

5

[THE STATE]: Move for sentence (indiscernible).

. . . .

(Whereupon the defense and the prosecution had a discussion)

[DEFENSE COUNSEL]: "[W]e're ready for sentencing."

[THE COURT]: Okay. Anybody else need to be heard on the Rigoli matter before I proceed?

There was no response and the court moved on to the substance of the hearing. The judge again referred to the "very well written letter" and wondered if it was composed by defendant himself or if he received some assistance.

Rule 3:21-4(b) provides that "[b]efore imposing sentence the court shall address the defendant personally and ask the defendant if [they] wish[] to make a statement [o]n [their] own behalf and to present any information in mitigation of punishment. The defendant may answer personally or by [their] attorney." See State v. Blackmon, 202 N.J. 283, 298 (2010) (the rule limits the right of allocution to defendant only or, at their option, to defendant's counsel).

Our Supreme Court has stated that "when a trial court fails to afford a defendant the opportunity to make an allocution, in violation of Rule 3:21-4(b), the error is structural[,] and the matter must be remanded for resentencing

6

without regard to whether there has been a showing of prejudice." State v. Jones, 232 N.J. 308, 319 (2018) (citing State v. Cerce, 46 N.J. 387, 396-97 (1966)).

In our reading of the transcript, we cannot tell whether counsel and defendant were speaking over one another, and the judge and counsel simply did not hear defendant's request to speak. The judge complimented defendant several times on the letter he had written and was diligent in his discussion of the applicable mitigating and aggravating factors. The judge also explained the sentence and its implications to defendant and advised him of his procedural appeal and post-conviction relief rights.

But the court did not specifically ask defendant if he wished to make a statement on his own behalf. And, under the court rule and our case law, the failure to honor defendant's right to allocution requires resentencing.

Defendant also contends the trial court erred in its findings regarding the mitigating factors. He asserts the court should have found mitigating factor six, N.J.S.A. 2C:44-1(b)(6) ("[t]he defendant has compensated or will compensate the victim . . . for the damage or injury that the victim sustained . . . ."), because of the significant amount of restitution ordered. Defendant did not request this factor during the sentencing hearing.

7

We are unpersuaded by this argument. Although the trial judge imposed an order of restitution pursuant to the plea agreement, that is not the equivalent of some or any restitution having been made to weigh in favor of a mitigating factor. Indeed, defendant also contends that the court erred in not conducting an ability to pay hearing—an argument which appears to undercut his willingness or intention to pay the full ordered restitution amount. We are satisfied the court made the required factual findings on the aggravating and mitigating factors and gave sufficient reasons for the balancing of the factors. State v. Fuentes, 217 N.J. 57, 73 (2014).

As stated, defendant contends, and the State agrees, that he was entitled to an ability to pay hearing before restitution was ordered and a specific amount was set. See State v. Smith, 307 N.J. Super. 1, 15 (App. Div. 1997). Therefore, on remand, the trial court must hold an ability to pay hearing.

Finally, defendant asserts he was not allotted one day of jail credit for the day he was arrested and placed in custody—November 28, 2015. The Judgment of Conviction states the first day of jail credit began on November 29, when it should have stated November 28. It was 538 days from the first day in custody to May 18, 2017. Therefore, defendant is entitled to one additional day of jail credit. See R. 3:21-8(a); State v. Hernandez, 208 N.J. 24 (2011).

8

For the reasons stated, we vacate the sentence and remand to the trial court for resentencing, during which the court shall accord defendant the right to allocution and consider the mitigating factor established under N.J.S.A. 2C:44-1(b)(14). The court shall also conduct an ability to pay hearing to determine the amount of restitution.

Affirmed in part, vacated in part, and remanded for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0982-19